## T. B. Wilson v. Sam Johnson et al.

### No. 967. Decided December 20, 1900.

**1. Jurisdiction of Supreme Court—Agreed Case—Assignment of Error—Practice.**

Where the appellate court, being of the opinion that they could not consider the question involved in an agreed case without an assignment of error, affirm the judgment for want of such assignment, the Supreme Court, on granting writ of error, acquires jurisdiction of the whole case, and, on determining that the question should have been passed on without an assignment of error, and the case affirmed on its merits, they will so adjudge, and not remand to the Court of Civil Appeals for its decision. (Pp. 275, 276.)

**2. Wife's Separate Property—Judgment Against Husband.**

It is nowhere provided that the husband (though he may sue alone) can be sued alone for the wife's separate property, and a judgment for the recovery of her property in a suit against him to which she was not a party does not bind her nor estop her from asserting title. (P. 276.)

**3. Assignments of Error.**

The statutes in regard to assignments of error should receive a liberal and practical construction, and when parties have agreed upon the question upon which the determination of the case is made to depend, error is impliedly assigned. (P. 276.)

**4. Error Apparent.**

By error "apparent upon the face of the record," which the court may consider without assignment, is meant a prominent error, either fundamental in character, or one determining a question upon which the very right of the case depends. (P. 276.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Collin County.

Wilson sued, and, having appealed from a judgment for defendants in error, on its affirmance obtained writ of error.

*DeArmond & Church,* for plaintiff in error.—The court erred in holding that the record of this case should have contained a formal assignment of errors; this being an agreed case under the statute in which both parties, with the approval of the district judge, submitted one question to the Court of Civil Appeals, which question in itself constituted an assignment of error by necessary implication.

The Court of Civil Appeals erred in holding that rules 25 and 27 for Courts of Civil Appeals, in regard to assignments of error, were not complied with in said appeal, the fact being that said rules and the other rules of the Supreme Court were complied with in the spirit and meaning thereof, the single question submitted to the Court of Appeals being one of unmixed law and furnishing that court and the appellees specifically, succinctly, and clearly with the only subject in controversy, thereby distinctly and amply meeting every purpose for which the Supreme Court rules were designed as fully and effectually as if the same matter had been presented in a technical assignment of errors. Earle v. Thomas, 14 Texas, 593; Elliott v. Mitchell, 28 Texas, 112; Land Co. v. McClelland Bros., 86 Texas, 191; Insurance Co. v. La Pert, 52 Texas, 507; Bank v. Bank, 84 Texas, 42; Shanks v. Carroll, 50 Texas, 18; Langton v. Marshall, 59 Texas, 297; Land Co. v. Williams, 48 Texas, 605.

Property acquired by husband and wife during coverture by purchase or apparent onerous title is presumed to be community. Schmeltz v. Garey, 49 Texas, 61; Cooke v. Bremond, 27 Texas, 457; Mitchell v. Marr, 26 Texas, 330; Osborn v. Osborn, 62 Texas, 495; Stanley v. Epperson, 45 Texas, 645; Finn v. Williamson, 75 Texas, 336; Stiles v. Japhet, 84 Texas, 91; Holloway v. Holloway, 30 Texas, 164; McKinney v. Nunn, 82 Texas, 44.

Where land is bought during coverture with wife's money, the title being taken in name of the husband, a bona fide purchaser under a judgment against the husband and other bona fide purchasers will take title in the absence of notice of wife's interest; therefore such judgment would not be invalid as to plaintiff therein nor as to such purchaser. Hooper v. Caruthers, 78 Texas, 432; Hill v. Moore, 62 Texas, 610; Edwards v. Brown, 68 Texas, 329; Cooke v. Bremond, 27 Texas, 457; Kirk v. Navigation Co., 49 Texas, 215; Wallace v. Campbell, 54 Texas, 88; Moore v. Curry, 36 Texas, 668; Oppenheimer v. Robinson, 87 Texas, 174; Vaughan v. Greer, 38 Texas, 531; Patty v. Middleton, 82 Texas, 586; Parker v. Coop, 60 Texas, 115; Hoffman v. Blume, 64 Texas, 334.

The fact that the tax receipts were taken in the name of a wife is

not sufficient to put a purchaser on inquiry in the absence of actual notice. Woodward v. Suggett, 59 Texas, 621.

That the wife always claimed the property and that she resided thereon, the deed being in the name of the husband, would not be sufficient to put a purchaser upon inquiry, the deed being on record in the name of the husband, in the absence of actual notice. Woodward v. Suggett, 59 Texas, 622.

Married women are bound by the acts of their husbands fairly done as their representatives in judicial proceedings respecting their separate property, hence it follows that they are equally bound with respect to community property. Rev. Stats., art. 2968; Bartlett v. Cocke, 15 Texas, 480; Ranney v. Miller, 51 Texas, 269.

The wife is not a necessary party in suit of trespass to try title to land on which the defendant's husband and his wife have a de facto homestead, unless the wife's homestead right would defeat the action. Jergens v. Schiele, 61 Texas, 258; Thomp. on Homestead, sec. 696.

The owner of the superior title is not bound to sue the holder of an equity of whose claim he has no knowledge nor notice. Ranney v. Miller, 51 Texas, 265; Kirk v. Navigation Co., 49 Texas, 215; French v. Strumberg, 52 Texas, 109; Wallace v. Campbell, 54 Texas, 87.

An acknowledgment in the following terms is sufficient: "State of Texas, County of Collin. Before me, A. B., a notary public in and for said county and State, personally appeared X. Y. and L. M., his wife, both known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they executed the same for the purposes and considerations therein expressed. And the said L. M. having been examined by me privily and apart from her husband, and having the said instrument fully explained to her, she, the said L. M., * * * the same to be her act and deed, and declared that she had willingly signed the same for the purpose and consideration therein expressed, and that she did not wish to retract it. [Here follows a proper jurat of officer.] Belcher v. Weaver, 46 Texas, 294, 295; Solyer v. Romanet, 52 Texas, 567; Mullins v. Weaver, 57 Texas, 5; Nichols v. Stewart, 15 Texas, 226; Blythe v. Houston, 46 Texas, 65; Durst v. Daugherty, 81 Texas, 650.

*Abernathy & Beverly,* for defendants in error.—It being agreed that the land in controversy was her separate property and that she was no party to a suit against Sam Johnson, the judgment by default against him was not binding on her or her separate estate. Williamson v. Conner, 92 Texas, 583; Read v. Allen, 56 Texas, 194; Freeman v. Hamblin, 1 Texas Civ. App., 163; Railway v. Kutac, 11 S. W. Rep., 128.

GAINES, CHIEF JUSTICE.—This suit was brought by the plaintiff in error, and the trial having resulted in a judgment for defendants in error, he gave notice of appeal. Thereupon, for the purpose of the appeal, the parties entered into a written agreement as to the plead-

ings and evidence and the question to be determined, and caused it to be approved by the trial judge. The agreement is as follows:

"It is agreed in the above entitled and numbered cause that it shall be submitted on appeal to the Court of Appeals of the Fifth Supreme Judicial District of Texas upon the following statement:

"This is a suit of trespass to try title to a lot of land described in, plaintiff's petition originally brought against the defendant, Sam Johnson, but the heirs of his wife, Mary Johnson, who died after the institution of the suit, having set up a claim of ownership, were made parties, and, together with the said Sam Johnson, answered by pleas of general denial, not guilty, that the premises sued for were the separate property of said Mary Johnson, deceased, and the homestead of herself and the said Sam Johnson at the time plaintiff acquired title thereto, limitation of three, five, and ten years, and improvements made in good faith. Trial by jury, verdict in favor of defendant; motion for a new trial overruled and appeal duly taken to Court of Appeals as above on 22d day of November, 1899.

"The evidence showed that plaintiff's title came through a judgment by default in favor of one of his mesne vendors against the defendant, Sam Johnson, for title to the premises in question. It also appeared that the premises were the separate property of the deceased Mary Johnson and were her homestead in which she lived with her said husband at the date of said judgment, and that she was not a party thereto. It also appeared that when plaintiff purchased he had no actual notice that said premises were the separate property of said Mary Johnson, deceased, the deed thereto being of record and in the name of the husband, but she was in actual possession of the premises, her husband and she remaining married and had been since 1871, and were claiming same as their homestead. It was also proved that plaintiff as a surveyor in 1871 ran out the lines of the land in controversy at the request of Mary Johnson, her husband, at said time in jail, and further, that she had always paid the taxes and taken the receipt in her own name and claimed the property as hers separately.

"It is agreed that the judgment as rendered shall be confirmed unless the Court of Appeals shall hold that said judgment by default was binding on said Mary Johnson, in which event the case shall be reversed and remanded. The court is further requested to say whether or not an acknowledgment to a deed is sufficient where the certificate of the officer is statutory in form as to a husband and wife, except that in the privy acknowledgment of the wife, the word 'acknowledged' is omitted."

The appellant filed no assignment of error but filed a brief in the appellate court. The judgment was affirmed without considering the case upon its merits, for the reason that no error was assigned.

When we granted the writ of error, we were of opinion that the court erred in refusing to consider the question submitted, and were of the impression that it would be our duty to reverse the judgment

and remand the cause to that court, to the end that they might pass upon the merits of the case in the first instance. We now think we were mistaken in the latter conclusion. The Court of Civil Appeals not having dismissed the appeal, but having affirmed the judgment, we are of opinion that we have jurisdiction over the whole case, and that if the judgment should have been affirmed upon its merits, it is our duty to affirm it here, whether an assignment of error was necessary or not.

The sole question is, was the wife of Sam Johnson bound by the judgment against her husband, she not being a party to the suit? As a very general rule, no one is estopped by a judgment in a suit to which he is not a party. The husband, under our law, has no power to dispose of the wife's separate property without her consent. He is empowered to sue in his own name, or jointly with his wife, to recover her separate property (Revised Statutes, article 1200), but it is nowhere provided that he may be sued alone for such property. Without authority for such suit, a judgment against him in a suit to recover property belonging to her in her own right to which she is not a party, does not bind her. Read v. Allen, 56 Texas, 182; Williamson v. Conner, 92 Texas, 582. The wife not having been made a party to the suit in which the judgment was rendered against her husband, was not thereby estopped to assert her title to the property. Our conclusion upon this question leads, under the agreement between the parties, to an affirmance of the judgment.

What we have previously said renders it unnecessary to pass upon the question, whether or not the Court of Civil Appeals should have affirmed the judgment for the want of an assignment of error. But we deem it proper to say that, in our opinion, the statutes and rules in reference to assignments of error should receive a liberal and practical construction; and that when, as in this case, the parties have agreed upon the question upon which the determination of the case is made to depend, the error is impliedly assigned. The purpose of assignments of error is to point out the errors complained of and not to leave the appellate court to grope through the record to ascertain whether error has been committed or not. Where the question is agreed upon, we do not see how the point could be called more directly to the attention of the court. Besides, both under the statute and under the rules, the court may consider errors "apparent upon the face of the record." Since every error must, in one sense, appear upon the face of the transcript, it is difficult to tell what is meant by this language; but we incline to think it intended to signify a prominent error, either fundamental in character or one determining a question upon which the very right of the case depends. Harris v. Petty, 66 Texas, 514.

The judgment of the Court of Civil Appeals and that of the District Court are affirmed.

*Affirmed.*