GESTEAN et ux. v. BISHOP et al.*
(No. 498.)

(Court of Civil Appeals of Texas. El Paso. Dec. 9, 1915. Dissenting Opinion Dec. 13, 1915.)

Error from District Court, El Paso County; M. Nagle, Judge.

On motion for rehearing. Denied.

For former opinion, see 180 S. W. 302.

Coldwell & Sweeney, of El Paso, for plaintiffs in error. F. G. Morris and M. W. Stanton, both of El Paso, for defendants in error.

PER CURIAM. Rehearing denied.

HARPER, C. J. (dissenting). The only questions raised in this case are, as stated in the majority opinion: Was it fundamental error for the trial court to charge that the intervention of Daniel Gestean, her husband, in the suit of Clark Bishop et al. v. Winn et al., upon May 25, 1907, stopped the running of the statute of limitation in favor of the wife, at that date? And, if fundamental error, was the error waived under the statute because not taken advantage of by exception to the charge before it was given, by motion for new trial and proper assignment in the trial court?

The case of Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242, is decisive of the question (1) that a judgment against the husband in a suit to which the wife is not a party does not bind the wife, and she is not estopped to assert her title; (2) that the error was fundamental and could be here urged without assignment of error in the trial court, unless it can be and was waived as indicated in the majority opinion. The period of time between the filing of plea in intervention by the husband in the case of Clark Bishop et al. v. Winn et al., May 25, 1907, and the date of filing of this suit, this being the only suit to stop the running of the statute filed July 6, 1911, was a very material period of time in which to perfect appellant's title by limitation, and appellant did not have advantage of it before the jury, and therefore is a "prominent error, fundamental in character, upon which the rights of the case depend," and in my opinion cannot be waived under the statute cited. There is nothing in the statute relied upon which changes the rules as to fundamental error, as a cause to review the case upon appeal.

The court having failed to submit the appellants' case as made by the pleading and evidence, the effect is that the cause has not been tried according to the rules of law, because, where the court has a jury to pass

upon the issues and submits them under a general charge, there is no authority anywhere for the court to determine the issues not submitted, like as under the statute providing for submission of the cause by special issues. Article 1985, R. S. 1911. So it follows that the question raised by the pleading and evidence of defendant, plaintiff in error, has not been judicially determined. Therefore the cause should be reversed and remanded for a new trial. I therefore here now enter my dissent.

---

⊚⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes