The judgment is reversed, and the cause remanded.

PRENDERGAST, J., dissents.

---

HENDRICK v. BLOUNT-DECKER LUMBER CO. et al. (No. 1862.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 29, 1917.)

1. APPEAL AND ERROR ⚖⇒719(3, 4, 8)—REVIEW—ASSIGNMENTS OF ERROR—FUNDAMENTAL ERRORS.

Under Rev. Civ. St. art. 1607, requiring Courts of Civil Appeals to determine controversies on errors in law, assigned or apparent on the face of the record, the court is required, even in the absence of any assignment, to examine the pleadings and the judgment to ascertain the jurisdiction of the court, and its authority to render the particular judgment brought up, and a judgment based upon insufficient pleadings, or rendered in a case where the court had no jurisdiction over the parties or the subject-matter, or not conforming to the pleadings, is fundamentally erroneous, and should be revised regardless of legal difficulties involved in discovering the error.

2. APPEAL AND ERROR ⚖⇒719(1) — REVIEW—ASSIGNMENTS OF ERROR—FUNDAMENTAL ERRORS.

Under Rev. Civ. St. art. 1607, where an error is one which must be discovered by an examination of evidence, then, in order to be considered in the absence of an assignment, it must not only be one which affects the rights of the parties to a particular kind of judgment, but one which is open and easily discovered by an inspection of that portion of the record in which the evidence is presented.

3. APPEAL AND ERROR ⚖⇒212, 719(6)—OBJECTIONS—ASSIGNMENTS OF ERROR—NECESSITY.

Under Rev. Civ. St. art. 1607, requiring Courts of Civil Appeals to review errors, assigned or apparent on the face of the record, and article 1971, as amended by Acts 33d Leg. c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971), providing that litigants shall be given an opportunity to examine and object to the charge before it is read, and that objections not so made shall be considered as waived, the giving of a peremptory instruction is not per se such an error as may be considered in the absence of appropriate objections and proper assignments, and if the evidence makes the giving of the charge of doubtful propriety, and a critical examination of the evidence is necessary to revise the error, it cannot be reviewed.

4. APPEAL AND ERROR ⚖⇒215(1)—NECESSITY OF OBJECTIONS—INSTRUCTIONS.

Under Rev. Civ. St. art. 1971, as amended in 1913, even an error apparent on the face of the record when resulting from an improper charge is waived, and the right of revision on appeal is lost when no objections are presented in the court below.

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

Action by H. R. Hendrick against the Blount-Decker Lumber Company and others. From a judgment for defendants, plaintiff appeals. Affirmed.

W. J. Townsend, of Austin, and Guinn & Guinn, of Rusk, for appellant. Norman, Shook & Gibson, of Rusk, for appellees.

HODGES, J. This appeal is from a verdict rendered for the defendants in response to a peremptory instruction. There is an absence from the record of any written objection to the charge of the court made before it was read to the jury as required by statute; and unless the error here assigned is fundamental, or one apparent from the face of the record, it cannot be considered. There is among the Courts of Civil Appeals an irreconcilable conflict upon this particular question. See the cases collected in 18 Encyclopedic Digest, p. 553. Some of them hold that the giving of a peremptory instruction is an error which the Court of Civil Appeals will consider in the absence of any objection made in the trial court, while others hold to the contrary. This court in some earlier cases was disposed to consider such an error fundamental, but has now become fully committed to the opposite doctrine. The importance of the question, however, is such as to call for some discussion of the principles upon which we base our ruling. Article 1607 of the Revised

Civil Statutes provides, among other things, that:

"In cases of appeal or writ of error the Courts of Civil Appeals shall determine the controversy upon a statement of facts, or agreed statement of the pleadings and proof, or the conclusions of law and fact certified by the judge below, * * * or on an error in law, either assigned or apparent on the face of the record."

This has been the law for many years. But there has never been a definition of what is an error "apparent upon the face of the record" so clear as to prevent conflicting decisions. In Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85, the Supreme Court had under consideration the following, which was presented for the first time in the Court of Civil Appeals:

"The trial court erred in its charge to the jury in instructing them to find for the plaintiffs for the land described in their petition, unless they should find for the defendant upon the defense of three years' limitation."

The contention was there made by the plaintiff in error that the giving of that charge was an error "apparent upon the face of the record," and that the complaint should be considered when presented for the first time on appeal. Justice Brown, who wrote the opinion in that case, after quoting article 1014 of the Revised Statutes of 1895, said:

"Webster defines the word 'apparent' thus: 'Clear, or manifest to the understanding; plain; evident; obvious; appearing to the eye or mind.' This does not mean that an error which can be ascertained by looking into the record and considering the evidence may be considered without an assignment; for that would include every error which can be considered at all. Nothing can be considered as an error which cannot be made apparent by an examination of the record; therefore the language of the statute must be given that construction which would make it consistent with its requirements in other respects. The language, 'apparent from the face of the record,' indicates that it is to be seen upon looking at the face of the record, that is, the assignment itself. The fact pointed out by it must show a good and sufficient ground for the court to interfere to prevent injustice being done 'to one of the parties. Perhaps the best expression is that it must be a fundamental error, such error as being readily seen lies at the base and foundation of a proceeding and affects the judgment necessarily."

In that case, however, it was held that inasmuch as the error referred to could not be ascertained without an examination and weighing of the evidence, it was not within the class referred to in the statute.

In Oar v. Davis et al., 105 Tex. 479, 151 S. W. 794, the same tribunal was considering a case on appeal which involved the issue of fraud in the procurement of a deed and a homestead right. There was presented in the Supreme Court for the first time the following:

"The Court of Civil Appeals erred in not reversing or reforming the judgment of the district court, ordering partition of the land in controversy between the plaintiffs and intervener, because the judgment divested the defendant * * * of her one-third life estate in said land."

It was there contended by the plaintiff in error that the error was one which the Supreme Court should consider in the absence of an assignment in the preceding courts. The Supreme Court granted a writ of error under the impression that the contention was sound; but upon further consideration receded from that position. In discussing the question Justice Dibrell said:

"The adjudications of this court have given the expression 'an error of law, apparent upon the face of the record,' the meaning of such error as is fundamental in character, or one determining a question upon which the very right of the case depends, or such an error as being readily seen lies at the base and foundation of the proceeding and necessarily affects the judgment. Wilson v. Johnson, 94 Tex. 276 [60 S. W. 242]; Houston Oil Co. of Texas v. Kimball, 103 Tex. 103 [122 S. W. 533, 124 S. W. 85]."

He then quotes with approval the following from Wilson v. Johnson:

"Since every error must in one sense appear upon the face of the transcript, it is difficult to tell what is meant by this language. But we incline to think it intended to signify a prominent error, either fundamental in character or one determining a question upon which the very right of the case depends."

From the foregoing decisions we infer that the record, which must be consulted, in discovering an "apparent error," includes not only the transcript as prepared under the rules now in vogue, but the statement of facts when there is one. It must be remembered that at the time the decision in Wilson v. Johnson, supra, was rendered the statement of facts was a part of the transcript.

[1, 2] Appellate courts are required, even in the absence of any assignments, to examine the pleadings of the parties and the judgment rendered, in order to ascertain the jurisdiction of the court and its authority to render the particular judgment brought up in the record. A judgment based upon insufficient pleadings, or one rendered in a case where the court has no jurisdiction over the parties or the subject-matter of the suit, or one which does not conform to the pleading is fundamentally erroneous, and on appeal should be revised regardless of the legal difficulties involved in discovering the error. Such an error is one which lies at the foundation of the suit and involves the power and authority of the court to render the particular decision. But where the error is one which must be discovered by an examination of the evidence, then, in order to be considered in the absence of an assignment, it must not only be one which affects the rights of the parties to a particular kind of judgment, but one which is open and easily discovered by an inspection of that portion of the record in which the evidence is presented. If the above be the true rule in regard to the issues of fact, then the line between what is and what is not apparent upon the face of

the record is as difficult to locate as that which lies between the sufficiency and the insufficiency of the evidence to support a verdict.

[3] Whether or not a peremptory instruction is an "error apparent upon the face of the record" would in every case depend upon the ease or the difficulty with which it may be ascertained. If the question is doubtful, or the discovery of the error involves an extended examination of the statement of facts, it would not fall within the above definition of an "error upon the face of the record." We therefore conclude that the fact that a peremptory instruction is given does not per se make the error one which should be considered in the absence of appropriate objections and proper assignments. If the evidence is of that character which makes the giving of such charge of doubtful propriety, and a proper decision of the question requires an extended examination of a complex statement of facts, it cannot be said that the error is one which falls within any of the definitions announced by our Supreme Court.

Since the decisions in the cases above referred to our practice acts have been altered in some material respects. Under article 1971 as amended by the Acts of 1913, litigants are given an opportunity to fully examine the charge of the trial court before it is read to the jury, and are allowed time in which to present objections thereto. It is provided that all objections not so made shall be considered as waived; the purpose of the statute being to give the trial court an opportunity to make timely and proper corrections in his charge. A failure to accord him that opportunity as required by the statute is legally a waiver of all errors in the charge which the parties could waive. If that rule does not apply to peremptory charges, it is because that class of instructions does not come within the meaning of the statute. But we have been unable to discover any satisfactory reason why they should be excluded. The practical effect of such a charge is an assumption on the part of the court of the authority to determine all the issues of law and fact, and involves the conclusion that there is no evidence upon which to found a contrary verdict. It may be given as the only general charge, or as a special charge at the instance of one of the parties to the suit. In either case it constitutes the court's directions to the jury concerning their verdict. If its only effect is to bring about the rendition of an erroneous judgment the injured party may acquiesce and waive any right to have the error reviewed on appeal. The courts have no right to say that the Legislature meant

less than it said, especially in the construction of a statute which has for its object the termination of litigation. When the law has placed within easy reach of the litigant a method to be adopted in prosecuting appeals from trial courts, there is little reason for straining the law in order to help those who fail to conform to its requirements. The right of appeal is not so inherent that to protect it we must disregard the plain language of the law. An error committed in misdirecting a jury is not essentially more hurtful than one resulting from refusing a continuance or from admitting or excluding testimony. Yet these rights may be lost by a failure to present them in the manner prescribed by the statute.

[4] The act of 1913, being a later enactment of the Legislature, must control wherever there may arise a conflict between its provisions and those of article 1607. To give full effect to the terms of the later law even an error apparent upon the face of the record, when resulting from an improper charge, is waived, and the right of revision on appeal lost, when no objections are presented in the court below.

Again, it should be borne in mind that article 1607 deals with errors which may be considered in the absence of assignments filed in the trial court, and not those waived by a failure to comply with the legal rules of procedure. The situation here presented results, not from the failure to file the assignments of error, but from the failure to make the objections essential to form the basis of an assignment. We do not understand the rule to be that even a prominent error can in every instance be considered on appeal when there has been no attempt in the trial court to observe the statutory requirements for preserving the rights there denied.

In this case the court had the judicial power to give the peremptory instruction complained of. The judgment rendered is supported by the pleadings and is within the jurisdiction of the court. To revise the error requires a critical examination of the evidence. We are therefore of the opinion that in this case the giving of a peremptory instruction was not an error that we are called upon to consider in the absence of appropriate objections made in the trial court.

The judgment of the district court will therefore be affirmed.

It is proper to state that the majority of the court concur in the conclusion reached in this case, but they disagree with the expressions used in the opinion which hold that the record referred to in article 1607 of the Revised Civil Statutes includes the statement of facts.