BASS v. MURRAY CO. et al.  (No. 8192.)

(Court of Civil Appeals of Texas. Dallas.
May 24, 1919.  Rehearing Denied
June 21, 1919.)

1. APPEAL AND ERROR ⇐719(1) — FUNDA-
MENTAL ERROR—ASSIGNMENT OF ERRORS—
GARNISHMENT PROCEEDINGS.

In garnishment proceedings, court's refusal
to suspend trial of cause pending outcome of
action by judgment debtor to set aside judg-
ment is not fundamental error, and cannot be
considered on appeal, in absence of assignment
of error under Vernon's Sayles' Ann. Civ. St.
1914, art. 1612.

2. APPEAL AND ERROR ⇐719(1) — FUNDA-
MENTAL ERROR—ASSIGNMENT OF ERROR—
GARNISHMENT PROCEEDINGS.

In garnishment proceedings to collect judg-
ment, wherein judgment debtor intervened and
moved to quash writ of garnishment for defect
in affidavit, court's refusal to permit jury to
pass on issue of fact raised by pleadings of
intervener and affidavit for garnishment did not
show fundamental error and cannot be con-
sidered on appeal, in absence of assignment of
error, under Vernon's Sayles' Ann. Civ. St.
1914, art. 1612.

3. APPEAL AND ERROR ⇐719(1) — FUNDA-
MENTAL ERROR—ASSIGNMENTS OF ERROR.

In garnishment proceeding to collect judg-
ment, wherein judgment debtor intervened and
moved to quash writ of garnishment for defect
in affidavit, court's refusal to sustain motion
did not show fundamental error, and cannot be
considered on appeal, in absence of assignment
of error, under Vernon's Sayles' Ann. Civ. St.
1914, art. 1612.

4. APPEAL AND ERROR ⇐719(8) — FUNDA-
MENTAL ERROR—ASSIGNMENT OF ERROR.

In garnishment proceedings to collect judg-
ment, where judgment debtor intervened and
moved to quash writ, rendition of judgment
against judgment debtor as principal and sure-
ties on replevy bond did not show fundamental
error, and cannot be considered on appeal, in
absence of assignments of error under Vernon's
Sayles' Ann. Civ. St. 1914, art. 1612.

Appeal from District Court, Dallas Coun-
ty; E. B. Muse, Judge.

Garnishment proceeding by Y. O. McAdams
against the City National Bank of Dallas to
collect judgment rendered in favor of the
Murray Company against J. P. Bass and W.
E. Barrow, and assigned to Y. O. McAdams,
in which J. P. Bass intervened and moved
to quash writ of garnishment for defect in
affidavit.  Judgment for plaintiff, and inter-
vener appeals.  Affirmed.

Scott, Fagan & Cardwell, of Dallas, for
appellant.
W. L. Curtis and J. J. Eckford, both of
Dallas, for appellees.

RAINEY, C. J.  Appellee the Murray Com-
pany, owning a judgment against J. P. Bass
and W. E. Barrow, assigned it to Y. O. Mc-
Adams, who, seeking to collect it, sued out
a writ of garnishment against the City Na-
tional Bank of Dallas, which was served on
the bank.  The bank answered, in effect, that
it had on deposit in the name of J. P. Bass
the sum of $977.77.  Bass intervened and
moved to quash the writ of garnishment for
defect in the affidavit.  On a trial, judgment
was entered for plaintiff, and Bass appeals.

[1-4] Appellant presents four assignments
of error as fundamental, which are set out
in the briefs, but which are not shown in
the transcript, nor is there any motion for
new trial made below.  The appellees object
to the consideration of said assignments, on
the ground that they are not shown by the
transcript to have been filed in the court be-
low.  Said assignments as presented are:

(1) "The trial court committed fundamental
error, apparent upon the face of the record, in
failing and refusing to suspend the trial of this
cause pending the outcome of cause No. 28538B.
filed in said court by J. P. Bass to set aside
the original judgment rendered against him and
W. E. Barrow, on the ground of fraud."

(2) "The trial court erred in denying the in-
tervener, J. P. Bass, the right to have a jury
pass on the issues of fact raised by the plead-
ings of said intervener and the affidavit for
garnishment filed by Y. O. McAdams."

(3) "The trial court erred in failing and re-
fusing to sustain intervener's motion to quash
the affidavit for garnishment."

(4) "The trial court erred in rendering judg-
ment on the replevy bond against J. P. Bass,
as principal, and Ross M. Scott, J. J. Fagan,
and W. B. Starr, as sureties."

None of the assignments show fundamental
error, and under the statute we cannot con-
sider any of them, and we are constrained
not to consider them.  Vernon's Sayles' R. S.
1914, art. 1612; Phillips v. Webb, 40 S. W.
1011; Wilson v. Johnson, 94 Tex. 272, 60 S.
W. 242.

There being no assignment of error pre-
sented in the transcript, the judgment is af-
firmed.

⇐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes