## WEST v. JONES et al. (No. 11836.)

Court of Civil Appeals of Texas. Fort Worth.
June 25, 1927.

**1. Appeal and error ⬥745—Assignment requiring examination of record and statement of facts is not fundamental nor error apparent of record.**

An assignment of error which requires the court to look into the record and consider the statement of facts is not fundamental nor an error apparent of record.

**2. Appeal and error ⬥745—Court having examined evidence on other assignments and determined evidence does not support judgment, error is fundamental.**

Where reviewing court has examined the evidence on other assignments and has determined that it does not support the judgment, the error is fundamental and court need not decline to reverse judgment because the assignment was not filed in the court below.

**3. Appeal and error ⬥745—Assignment that defendant did not exercise reasonable diligence to prevent plaintiff's horse from escaping from pasture held not to present fundamental error.**

Complaint in brief that defendant was required to exercise reasonable diligence to prevent plaintiff's horse from escaping from pasture and purposely permitted it to get out *held* not to present fundamental error apparent on face of the record and cannot be considered, where not predicated on assignments of error filed in the lower court.

Appeal from Tarrant County Court; P. W. Seward, Judge.

---

Action by Cecil West, by next friend, against B. F. Jones and another. From a judgment for plaintiff against named defendant only and from judgment for defendant Walter A. Rowland, plaintiff appeals. Affirmed in part.

E. S. Allen, of Fort Worth, for appellant.

Lipscomb & Seideman, Chas. T. Rowland, and Baskin, Eastus & Greines, of Fort Worth, for appellees.

BUCK, J. In this case Cecil West sued B. F. Jones and Walter A. Rowland for the value of a horse placed in the pasture leased by B. F. Jones from Walter A. Rowland during the month of September or October, 1921. Plaintiff alleged that the horse was placed in said pasture for an indefinite period of time, and that the defendant Jones was to see after and care for said horse; that at the time he placed said horse in said pasture he did not know that Jones did not own the pasture himself, but was merely leasing it, but after the horse was placed in the pasture he was informed by said Jones that the pasture was leased and that Jones had a lease contract covering the year 1922, also, but that on or about January 1, 1922, the defendant Jones delivered the rented premises back to Rowland, without notifying the plaintiff; that after the surrender of the pasture by Jones to Rowland, the latter permitted said horse to remain in the pasture for a period of approximately 30 days, and that said Rowland transferred said horse to another pasture, and that through the negligence of said Rowland said horse escaped from the pasture and has never been found since, and he prayed for a recovery against both defendants for the sum of $125.

The cause was tried before the court without a jury, and the court rendered judgment for plaintiff against defendant Jones in the sum of $85, but rendered judgment for the defendant Rowland as against the suit of plaintiff. The plaintiff has appealed.

### Opinion.

The appellant did not file a motion for a new trial, nor does the transcript contain any assignments of error filed in the court below. Appellee Rowland has filed a motion to strike out the brief of appellant and dismiss the appeal. In reply to said motion, appellee states that he relies upon fundamental error alone, and urges that there is fundamental error apparent upon the record. In the case of Martin v. Barnum (Tex. Civ. App.) 278 S. W. 323, this court held that in a case tried by the court, as this, in which no motion for new trial was filed, assignments of error in the brief not predicated on assignments of error filed in the lower court cannot be considered in an appeal, unless they involve questions of fundamental error. American Law Book Co. v. Carter (Tex. Civ. App.) 275 S. W. 510; Van Orden v. Pitts (Tex. Com. App.) 206 S. W. 830; Wynne v. Payne (Tex. Com. App.) 244 S. W. 993. But we do not think there is any fundamental error apparent of record. The only complaint made by appellant in his brief is that Rowland was required to exercise reasonable diligence, after the surrender of the pasture by Jones, to prevent his horse from escaping or getting out of the pasture. That he did not do so but, on the other hand, purposely permitted the horse to get out of the pasture and drove him out of the large pasture to a smaller one, and that the horse escaped therefrom by reason of insufficient fences or proper gates, etc.

In Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85, the Supreme Court, in an opinion by Judge Brown, discussed the meaning of "apparent upon the face of the record," and had this to say:

"Webster defines the word, 'apparent,' thus: 'Clear, or manifest to the understanding; plain, evident, obvious; appearing to the eye or mind.' This does not mean that an error which can be ascertained by looking into the record and considering the evidence may be considered without an assignment, for that would include every error which can be considered at all. Nothing can be considered as an error which cannot be made apparent by an examination of the record, therefore, the language of the statute must be given that construction which will make it consistent with its requirements in other respects. The language, 'apparent upon the face of the record,' indicates that it is to be seen upon looking at the face of the record, that is, the assignment itself, the fact pointed out by it must show a good and sufficient ground for the court to interfere to prevent injustice being done to one of the parties. Perhaps the best expression is that it must be a fundamental error, such error as being readily seen lies at the base and foundation of the proceeding and affects the judgment necessarily. Wilson v. Johnson, 94 Tex. 272 [60 S. W. 242]; Searcy v. Grant, 90 Tex. 97 [37 S. W. 320]; Fuqua v. Brewing Co., 90 Tex. 298 [38 S. W. 29, 750, 35 L. R. A. 241]; Harris v. Petty, 66 Tex. 514 [1 S. W. 525].

"This view of that assignment is supported by the course of the plaintiffs in error. If we take the first assignment in its terms, there is not apparent upon the face of that record any one of the things pointed out in the propositions under it. By an examination of the record it might be found that the facts existed as claimed in the propositions, but they are not manifest and not evident, not obvious, without an examination and weighing of the evidence to determine whether or not the assignment is well taken. We are of opinion that the assignments which were made in the Court of Civil Appeals and presented here in the application cannot be considered, because they do not come within the meaning of the statute that we have quoted above, and were not assigned in the district court for presentation to the Court of Civil Appeals as required by law."

[1] An assignment of error which requires the court to look into the record and consid-

er the statement of facts is not fundamental, nor an error apparent of record. See Priddy v. Childers (Tex. Civ. App.) 231 S. W. 172; Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85, and other cases cited in Harris' Rules for the Guidance of Courts of Civil Appeals, edited by L. K. Smoot, under rule 24. Appellant cites Texas Brewing Co. v. Templeman, 90 Tex. 277, 38 S. W. 27, Houston Oil Co. v. Gallup, 50 Tex. Civ. App. 369, 109 S. W. 957, Montgomery v. Peach River Lumber Co., 54 Tex. Civ. App. 143, 117 S. W. 1061, and Craver v. Greer, 107 Tex. 356, 179 S. W. 862, to support his claim that fundamental error is shown. The first case cited is by the Supreme Court, and the court found fundamental error in the pleadings, not the evidence. If the pleadings do not justify a recovery, all the decisions hold that fundamental error is shown. In the second case, by the Texarkana Court of Civil Appeals, on motion for rehearing, Judge Willson said:

"Appellee Gallup insists that we erred in reversing the judgment in his favor against appellant Blount for the sum of $1,427.40, and in decreeing that he take nothing as against said Blount. The contention is that error was not assigned in the court below to this part of the judgment there rendered, and that there has not been presented to this court an assignment complaining of the judgment in this particular. The record shows that appellant Blount duly excepted to the judgment of the court at the time it was rendered, gave notice of and perfected an appeal to this court, and assigned as errors the action of the court on the matters involving the question as to the title to the land. It does not show that he assigned as error in the court below or in this court the action of the court in rendering judgment in favor of appellee Gallup against him on his covenant warranting the title to the land. His assignments of error go not specifically to the recovery itself, but to the basis for the recovery against him. After reaching the conclusion on assignments of error properly presented that the basis for a recovery against him did not exist, it would, it seems to us, be unreasonable to hold that, the basis for it gone, the judgment against him nevertheless must stand. In the absence of any assignment of error on his part, having reached the conclusion that the record showed no cause of action against him in appellee Gallup's favor, we think the error so appearing should be treated as fundamental, and as devolving the duty on this court of correcting it."

[2] After a court has examined the evidence on other assignments, and has determined that it does not support the judgment, it would be unreasonable to decline to reverse the judgment because the assignment was not filed in the court below, and the error is fundamental. So Chief Justice Willson held, and we agree with him. But no such condition is here shown.

In the third case, by Chief Justice Pleasants of the Galveston court, the court held that the petition showed that plaintiff was not entitled to the relief sought. As before said, such defect may be taken advantage of as showing fundamental error. The court said:

"While the allegations of the petition are not directly contradictory to the fact findings of the trial court, they change the legal effect of said findings, and we are not authorized, in this state of the record, to render judgment for defendant upon the facts alleged in the petition. The petition, we think, shows upon its face that appellee was not entitled to the relief sought by him, and was therefore subject to general demurrer. There is no assignment attacking the judgment upon this ground, but the error is fundamental and apparent of record, and requires a reversal of the judgment. Rankert v. Clow, 16 Tex. 9; Seise v. Malsch, 54 Tex. 357; Brewing Co. v. Templeman, 90 Tex. 277, 38 S. W. 27; Harris v. Petty, 66 Tex. 514, 1 S. W. 525; Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242. These authorities sustain the proposition that a judgment based upon pleadings which affirmatively show that the case made by the party in whose favor the judgment is rendered is not founded in justice and in law should be reversed for fundamental error, notwithstanding the appellant in such case has failed to present an assignment pointing out the error."

[3] The last case cited, by Chief Justice Phillips of the Supreme Court, does not seem to deal with fundamental error, but discusses the proposition that where a cause is tried before the court without a jury, no motion for new trial is necessary to present an assignment of error. We think none of these cited cases are in conflict with the decision of Houston Oil Co. v. Kimball, supra, and conclude that there is no fundamental error apparent on the face of the record, and that we cannot consider the question presented in the brief, and the judgment should be affirmed; and, as to judgment in favor of appellee Rowland, it is so ordered. The judgment in favor of appellant against appellee Jones is left undisturbed, no appeal having been taken therefrom.

Judgment affirmed in part and left undisturbed in part.

The bond filed by appellant was deficient in that it was not made payable to the appellees. We have called the attention of counsel for appellant to this deficiency, and he has tendered a bond, approved by the county clerk, and we hereby grant leave to file the same in lieu of the other bond.