**GARCIA et ux. v. GARCIA et al.   (No. 7937.)***

Court of Civil Appeals of Texas. San Antonio.
Feb. 20, 1928.

**I. Husband and wife ⚮274(4)—Intervener alleging land in controversy was community property of deceased mother and defendant held properly allowed to amend pleading to show she had half interest.**

In action of trespass to try title, intervener claiming half of property on ground that it was acquired by defendant during his first marriage and was community property of her deceased mother and defendant, who was her father, *held* properly allowed to amend pleading pending trial to show that her real interest was one-half of land instead of one-fourth as shown by conveyance from father.

On Motion for Rehearing.

**2. Courts ⚮106—Reviewing court need not consider each assignment separately, but must decide all issues properly presented (Rev. St. 1925, arts. 1873, 1876).**

Reviewing court is not required, under Rev. St. 1925, art. 1876, to pass on and consider each assignment separately, but is only required to decide all issues presented by proper assignments and announce in writing their conclusions, under article 1873.

**3. Trial ⚮260(1)—Where charges given covered all questions, refusal of further charges held not error.**

Where trial court covered by charges given all questions fairly raised that should have been considered by jury, there was no error in refusing to further charge as requested.

**4. Husband and wife ⚮274(4)—In trespass to try title, defendant's daughter by former marriage claiming property was community property of deceased mother and defendant was properly allowed to intervene.**

In action of trespass to try title, it was not error to allow daughter of defendant by former marriage to intervene, claiming half of property on ground that it was community property of deceased mother and defendant.

**5. Pleading ⊜⟩236(1)—Amendment of pleadings is within trial court's discretion.**

Right to amend pleadings is within sound discretion of trial court, and ruling will not be disturbed unless that discretion has been shown to be abused.

**6. Husband and wife ⊜⟩274(1)—Daughter of defendant by prior marriage who was sole heir of deceased mother held, as matter of law,' entitled to half of property purchased with community funds.**

In trespass to try title, daughter of defendant by prior marriage held, as matter of law, entitled to half of land under uncontradicted evidence showing that she was sole heir of deceased mother and that property in suit was purchased with community funds.

**7. Husband and wife ⊜⟩274(4)—Where defendant's daughter intervened claiming half of property as purchased with community funds of deceased mother and defendant, deed from defendants purporting to convey fourth interest held admissible, notwithstanding recitals as to intervener's interest.**

In trespass to try title in which defendant's daughter by prior marriage intervened, claiming half of property on ground that it was purchased with community funds of deceased mother and defendant, deed from defendants to intervener purporting to convey one-fourth of premises held admissible, notwithstanding recitals as to intervener's interest and character of funds used by father in purchasing premises; there being no showing that it was given or accepted in full settlement of her interest.

**8. Husband and wife ⊜⟩274(1)—Daughter inherited deceased mother's half share of community property, and no conveyance was necessary.**

Where property was purchased with community funds, daughter who was sole heir of deceased mother inherited mother's one-half share of estate, and no conveyance was necessary to pass such estate to her.

**9. Husband and wife ⊜⟩274(1)—After wife's death, husband handled community estate as trustee with respect to half interest daughter inherited.**

After death of wife, husband handled community estate as trustee for daughter who was sole heir of deceased mother with respect to one-half interest inherited by her, and he was not authorized to profit for himself in dealing therewith; daughter being entitled to all advantages of increase of investment.

**10. Appeal and error ⊜⟩820—Appellate court must determine whether case was properly presented and fairly tried.**

First duty of appellate court, aside from upholding law, is to determine whether case has been properly presented and fairly tried according to law.

**11. Appeal and error ⊜⟩999(3)—In trespass to try title, issue of plaintiff's fraud in acquiring deed held settled by judgment based on jury's verdict.**

In action of trespass to try title in which defendant in cross-action alleged plaintiff obtained deed to property by false representations, issue of plaintiff's fraud held settled by judgment based on jury's verdict, and reviewing court must follow it.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Melquiades Garcia and another against Pilar Garcia and wife, in which defendants filed a cross-action, and in which Margarita Garcia de Arrieta intervened. Judgment for intervener and against defendants on their cross-action, and defendants appeal from that part of the judgment denying recovery on their cross-action. Affirmed.

Hicks, Hicks, Dickson & Bobbitt and Yale Hicks, all of Laredo, for appellants.

Mann, Neel & Mann and Hamilton & Rector, all of Laredo, for appellee.

COBBS, J. This suit was filed by Melquiades Garcia, one of the appellees, in the district court of Webb county, Tex., on the 19th day of August, 1925, in the form of trespass to try title against appellants Pilar Garcia and wife, Pilar U. de Garcia, to recover certain real property located in the city of Laredo, Webb county, Tex., constituting the homestead of appellants.

Appellants answered by general denial and a plea of not guilty, and in addition thereto, by way of cross-action, sued to recover of plaintiff the property in question on the ground that the deed from them to appellee Melquiades Garcia, dated November 17, 1916, under which the latter claimed title to the property was made without consideration for the benefit of appellants and with the understanding that the property would be reconveyed to them by the grantee upon demand; and appellants further alleged that the deed was procured by appellee from them by fraudulent representation and asked that the deed be canceled, and that they recover of plaintiff the property in question, and that title to the same be quieted. Before the case came to trial, appellee Margarita Garcia de Arrieta, the only child of appellant Pilar Garcia by a former marriage, with leave of court intervened and alleged her right to recover her undivided one-half interest in the property on the ground that the property had been acquired by appellant Pilar Garcia during his first marriage and was the community property of her father, Pilar Garcia, and her mother, Genoveva Guitierrez de Garcia, then deceased.

Appellants admitted the right of intervener to recover an undivided one-half interest in the property, and appellee Melquiades Garcia sought to have plea of intervention stricken out by a motion which was overruled, and appellee Melquiades Garcia answered the plea of intervention by general denial and a plea of not guilty. To the cross-action of defend-

ants, appellee Melquiades Garcia answered by general denial and a plea of not guilty.

The case was tried before a jury, and the court instructed the jury to return a verdict in favor of intervener for an undivided one-half interest in the property. The jury returned a verdict in favor of intervener for an undivided one-half interest in the property and against appellants on their cross-action. The verdict was received and judgment rendered in accordance therewith.

It will be seen that appellants do not question the judgment in so far as the intervener Margarita Garcia de Arrieta is concerned, but do so as to the other two appellees.

The controversy between Pilar Garcia and his wife against Garcia is that in this suit they seek, by way of cross answer, to recover of Melquiades Garcia, the title to the land in controversy, because the conveyance they made to him was obtained by false representations. In their cross-action the defendants alleged:

"Plaintiff, who is a brother of this defendant, approached him and informed him that he, plaintiff, had just learned from an attorney in the city of Laredo that the account of Landa & Sons had been placed in his hands for collection, and that said attorney had told plaintiff that he, said attorney, was immediately going to attach, levy upon, and sell said lot 9, in said block 51, to satisfy said claim, and plaintiff told defendant that this could be lawfully done under the laws of Texas, and also told this defendant that the only way to save said lot for defendant and family from such sale was for defendant and wife to convey said lot to plaintiff by deed, and that plaintiff would secretly hold the title to said property for this defendant and his said wife and thus prevent the said property from being subjected to the debt of the said Landa & Sons; that plaintiff further stated to this defendant at said time that said deed would not convey any title to plaintiff as no consideration was to be paid by him to defendant therefor, and further that said deed would not be valid conveyance until it was recorded, but that by the plan outlined the said property would be in plaintiff's name and placed beyond the said threatened attachment and levy, and that in any event plaintiff would hold the same for this defendant until said claim could be adjusted by defendant, and that he, plaintiff, would never claim said property as against defendant, but would reconvey the same to this defendant and wife."

Among other things, Pilar Garcia testified as follows:

"Melquiades told me that he was not going to record the deed if I had an understanding with Mr. Hamilton. Melquiades told me that if he would record the deed, that was to preserve the same for me, and then he would reconvey it, make another one. He told me that if it was recorded, then the house was his, but then he could give another deed to me. He told me that if the deed was not recorded it would have no value. I believed that statement. If I had not believed that statement, I would not have executed the deed. My brother told me to extend or execute the deed, and we did not talk about the consideration; he told me to put $7,000, there, if that is called the consideration. My brother did not pay me any money at the time. I have absolutely never received any consideration for the execution of that deed at all. Neither has my wife received any.

"I believed that my homestead could be taken for this debt. I thought it could. I would not have executed this deed if I had not so thought."

There are various allegations of fraud, but the foregoing reflects the issue of fraud, sufficient for this discussion.

The appellees discuss at length various supposed rules with reference to briefing, which appellants violated, which seem well taken. There is no index to the brief, nor list of authorities cited, as the rules require, nor does the brief contain any sufficient assignments of error.

In regard to the objection urged to the court's general charge, we think it without merit, for it is clearly presented in a fair and full way and adequately stating all the issues in the case.

The proof clearly established intervener's right and interest as being one-half of the entire community estate of her father and deceased mother. It was a legal title, acquired by inheritance, which under the law she had a lawful right to sue for and recover and she could not be deprived of that right, because the conveyance to her by her father, shortly before this suit was instituted, was for one-fourth interest instead of a one-half interest. That was an obvious mistake and could not reduce what the law gave her. It required no conveyance whatever to fix her interest. Her interest in the community estate was fixed by law.

[1] It was not error in the court to permit intervener to amend her pleading, pending the trial, so as to show that her real interest is one-half of the whole instead of one-fourth. This her father did not dispute, but acquiesced in. We think the evidence showed with sufficient conclusiveness what property of her deceased mother's estate was used by her father in the purchase of the premises. Nor was it error to instruct a verdict for one-half of the improvements placed upon said premises after the second marriage. If not disputed, still they were sufficiently established by testimony.

The court did not err in permitting the intervener to introduce and read to the jury a deed executed by the defendants to her, bearing date the 21st day of June, 1927, and recorded on the 22d day of June, 1927, in which they purported to convey to her an undivided one-fourth of the premises in controversy, the objection being to the recitals therein as to her interest in said estate and the character of the funds that were used by her father in the purchase of said premises, because the same were hearsay and inadmissible against the plaintiff.

Another thing, this could not have affected Melquiades Garcia injuriously because he knew precisely the interest of intervener, his niece, in her mother's estate, and all the facts in regard to the matter. If it was error, certainly it was harmless.

We have carefully read and considered the propositions and assignments of all the parties and overrule the same. The case has been fairly tried and disposed of, and, as substantial justice has been administered, the judgment is affirmed.

### On Motion for Rehearing.

All the appellants have filed motions for rehearing. The motion filed for Pilar Garcia and wife consists of 15 pages and 16 paragraphs, and includes the same grounds set up in the brief which were the same grounds stated in the motion for a new trial below and are the same here.

[2] In this discussion we will dispose of appellants' tenth and eleventh grounds first, because appellants have devoted so much space and time in discussing and in charging that we have refused "to pass on and consider each assignment separately" as required by article 1876, R. S. Such is not required by the statute. The Court of Civil Appeals is required to only "decide all issues presented * * * by proper assignments * * * and announce in writing their conclusions so found."

Article 1873 provides "within thirty days after the decision of the case" the court "shall make and file a conclusion of fact and law upon each material point assigned as error in that court. * * *. Such findings of fact and conclusions of law may be included in the opinion of the court." That has been done here by setting out the evidence on the point discussed. The statute never required, nor is there, any decision that supports appellants' contention. Certainly the case cited by appellant and relied upon with great insistence does not so hold. In that case (Galveston, H. & S. A. Ry. Co. v. Hartford Fire Ins. Co. [Tex. Civ. App.] 220 S. W. 785) the court says:

"We thought when the opinion was written, and think now, that this is a useless waste of time, because, as we understand the rules and holdings of the Supreme Court, it would, if writ of error was granted, pass upon all questions, unless it be one requiring a finding of fact by this court. Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242.

"However, we have concluded that under the statute we are required to specifically pass upon each assignment of error, so we give the following reasons for overruling the appellant's other 31 assignments."

In Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242, Chief Justice Gaines, writing the opinion for the court, said:

"The judgment was affirmed without considering the case upon its merits, for the reasons that no error was assigned. When we granted the writ of error, we were of opinion that the court erred in refusing to consider the question submitted, and were of the impression that it would be our duty to reverse the judgment and remand the cause to that court, to the end that they might pass upon the merits of the case in the first instance. We now think we were mistaken in the latter conclusion. The court of Civil Appeals not having dismissed the appeal, but having affirmed the judgment, we are of opinion that we have jurisdiction over the whole case, and that, if the judgment should have been affirmed upon its merits, it is our duty to affirm it here, whether an assignment of error was necessary or not."

The opinion shows that we did just what the statute requires of us to do, "decide all issues presented * * * by proper assignments of error." Our opinion also shows we made conclusions of law generally upon each material point assigned without consecutively naming the assignment passed on, without setting out the evidence, except when necessary, which we did, to determine upon the correctness of some ruling of the court.

If appellate courts, in passing upon all the numerous prolix and involved assignments and propositions presented and urged in many cases without regard to their merit, should discuss them, we fear it would tend to keep the courts busy writing lengthy, so-called unnecessary opinions which would increase the law book industry and fill many volumes. They would not be "lucid, in order, solid, and at hand," nor would they be "multum in parvo."

The appellants broadly say this court is in conflict with other named decisions of other courts. By an examination of the cited authorities we fail to find any conflict.

If any conflicts exist, it is only in appellant's mind for it does not arise from any statement or holding by us pertinent to any issue decided here, or decided by any appellate court upon similar facts, nor in the proper application of the law adverse to this. But the learned counsel seems to "shy" more at the brevity of the opinion rather than at anything else, forgetting for the time "that brevity is the soul of wit," and has placed a crown of thorns on this court by its criticism.

We meant what we said in the final conclusion of the opinion, that so displeases appellants, that we "decided all issues presented" and found that the case was fairly tried below.

[3] We very carefully read and considered each of appellants' assignments, brief, and argument, for errors in the first place. We thought then, and now are doubly convinced, that the trial court covered by its charges all the questions fairly raised that should have been considered by the jury, and, as that was done, there was no error in refusing to further charge the jury as requested by ap-

pellants in the several issues presented by them.

All the issues of fraud and every other material question that was raised by the pleading or proof was submitted to the jury.

[4] There was no error committed in permitting Margarita Garcia de Arrieta and her husband to intervene because the evidence showed that the lot involved in the controversy was purchased with proceeds and from the increase of funds belonging to him and to his deceased wife, which entitled the intervener at law as an heir to her undivided one-half interest in the property in said suit.

[5] The right to amend pleadings is within the fair and rightful and sound discretion of the trial court, and the ruling will not be disturbed unless that discretion has been shown to be abused. The court properly refused plaintiffs' request for an instructed verdict, because it was sufficiently shown that the property in this suit was purchased with funds arising from the continuation of the grocery business owned by Pilar Garcia and his first wife, intervener's mother, and continued in his possession and managed by him for many years with the community funds or property without any division thereof.

[6] Mrs. Gonzales Arrieta was entitled to an undivided one-half interest under the law and as shown by the undisputed evidence. Wherefore, the uncontradicted evidence showing the intervener to be the sole heir of her deceased mother and entitled to an undivided one-half of the estate, it was not error to instruct a verdict for her.

There was never any settlement of the estate, and the business was continued with the property in question by her father, the survivor of the community estate; therefore she was entitled under the undisputed evidence to the instruction.

[7, 8] The deed in question was properly admitted, and it does not appear by any evidence that it was given or accepted in full settlement of her interest in said lot and improvements. Under the law she inherited her mother's one-half share of the estate, and no conveyance was necessary to pass to her what she inherited and was entitled to.

The testimony showed that intervener was an heir, and therefore under the law she inherited the one-half of the estate being her mother's share, as she was the only child, whether you call it an equitable interest or a legal title, the effect is the same as the suit is maintainable under either theory, whether as an action of law or in equity. In this state the result would be the same. In view of our statute vesting a legal title to the heir in community estate of her deceased parent, we incline to the statement made in our opinion, challenged by appellants as not correct who insist that it did not cast a legal title thereto. See the point expressly decided in Sandoval v. Priest, 210 F. 814, 127 C. C. A. 364.

A so-called equitable title is often a misnomer and is not a title, but a mere right in the party to whom it belongs to have the legal title transferred to him. But when the title is vested directly by the statute as it is here by the death of the survivor of the community, no equity or equitable proceeding is necessary to establish or to transfer the title. The statute vests the title in the heir and divests the survivor in community of all but one-half of the estate. But the nature and character of the title is not important here.

[9] Pilar Garcia, the survivor, after the death of the wife handled the community estate as a trustee, the relation imposed upon him by law, and he was not authorized to profit to himself in dealing therewith, but she was entitled to all advantages of the increase of investment of funds arising from the community estate.

The court did not err in allowing the intervener to file a trial amendment so that she would be entitled to prove and recover the interest she was shown entitled to inherit under the law and the evidence. However, in respect to handling the property and making changes and new investments, the relation of trust and trustee continued, and a resulting trust was created in favor of intervener for whom appellant held the legal title.

We have again separately examined each assignment and proposition, and, without discussing them at length separately herein, but considered in group, we reach the conclusion that they fail to show any substantial error committed by the court, and this also applies to the motion for a rehearing.

[10] Because of the great respect we have for the learning and high character and integrity of appellants' counsel, who so earnestly insist that we have not given that consideration of the case we should have, we have again gone over the entire record, briefs, and argument of counsel, and have reached the same conclusion. The opinion shows that we considered and decided every question raised fully, and no lengthy discussion would have been worth while. Clearly, appellant has a misconception of what our duty is under the rules governing the procedure for Courts of Civil Appeals. The first duty of an appellate court, aside from upholding the law, is to determine whether a case has been properly presented and fairly tried and, as said by the lamented Chief Justice Roberts, "according to law," and within those rules. We think, as first said, substantial justice has been administered.

[11] We cannot take into consideration, without substantial proof and a jury finding thereon, whether one brother has swindled the other or not, whatever we may think about it. That issue was settled by the judgment of the trial court upon evidence. We have to follow the judgment of the court based upon the jury's verdict that no fraud

has been established. It may be likely, but the fraud was not established.

Nothing new has been set up in the motion for a rehearing that has not been heretofore presented, and the motion is overruled.

In respect to the motion for a rehearing by Melquiades Garcia, we have also examined the record very carefully, have decided all issues presented, and, finding nothing new set up that we have not passed on and considered, that motion is likewise also overruled.

Therefore both motions for a rehearing are overruled.

Rehearing Denied March 3, 1928.

