ST. LOUIS SOUTHWESTERN 'RAILWAY COMPANY OF TEXAS V.
N. J. McARTHUR.

No. 1143. Decided November 20, 1902.

1.—Assignment of Error—Sufficiency of Evidence.

An assignment that the verdict is contrary to the evidence in specific particulars pointed out is sufficient to require the appellate court to review that question, though not, in form, an assertion that the trial court erred in overruling the motion for new trial upon such grounds. (Pp. 66, 67.)

2.—Same.

An assignment of error, on appeal, that the verdict is contrary to the evidence in specific particulars which have been made the ground of a motion for new trial implies that the court erred in overruling such motion; it is practically equivalent to an assignment of such error by the court, and is apparently recognized as a proper form by rules 25 and 26 for the Court of Civil Appeals. (Pp. 67, 68.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

*Clark & Bolinger,* for appellant, cited: Railway v. Schmidt, 61 Texas, 282; Degenen v. O'Leary, 85 Texas, 171; Clark v. Pearce, 80 Texas, 146; Railway v. Ryan, 82 Texas, 571; Harrell v. Cattle Co., 73 Texas, 616; Wilson v. Johnson, 94 Texas, 276.

*Eugene Williams,* for appellee.

GAINES, CHIEF JUSTICE.—This case comes to us upon the following certificate from the Court of Civil Appeals for the Third Supreme Judicial District:

"This is an action for libel, resulting in a verdict and judgment for the plaintiff for $500 actual and $1250 exemplary damages. The defendant has appealed, and the cause is now pending in this court. The defendant pleaded the truth of the publication alleged by the plaintiff to be libelous. The defendant made a motion for a new trial in the District Court, which motion was overruled, and in which motion the same objections were urged against the verdict that are set forth in the first, second, and seventh assignments of error, hereinafter copied. There is no assignment in appellant's brief, nor in the transcript, complaining of the action of the trial court in overruling appellant's motion for a new trial. The first, second and seventh assignments of error are presented in appellant's brief in substantial compliance with the rules, and they read as follows:

"1. The verdict of the jury is contrary to the evidence and is not supported by the evidence in this: that the undisputed testimony, including the admissions and statements of the plaintiff himself, showed that the publication complained of was true in every respect, in substance and in fact, and the same constituted no libel, and the jury should have found a verdict for the defendant on this issue.

96 Supreme—5.

"2. The verdict of the jury is contrary to the evidence and not supported by the evidence in this: that the undisputed proof showed that such publication complained of was a privileged publication, and such as this defendant had the legal right to make in the protection of its interests, and there was no evidence showing that the same was published with express malice. And for this reason, the verdict should have been rendered for defendant.

"7. The verdict of the jury shows on its face that the jury were actuated by improper motives and prejudice against the defendant in rendering the verdict, for the reason that it appears that they rendered the verdict for $500 actual damages and for $1250 exemplary damages; said verdict for exemplary damages was wholly unauthorized by the testimony, there being no evidence showing that the defendant, after the knowledge of the facts, indulged in any malice whatever against the plaintiff or ratified any malicious act, after knowledge, as against the plaintiff by E. W. La Baume, or any of its agents."

Appellee has filed a brief in response to appellant's brief and has not raised the question of the sufficiency of appellant's assignments of errors to entitle it to have the verdict reviewed by this court.

"With this explanation and statement, the Court of Civil Appeals of the Third Supreme Judicial District of Texas certifies to the Supreme Court for decision the following question:

"Under the circumstances stated, is it the duty of the Court of Civil Appeals to decide whether or not the undisputed testimony shows that the publication complained of was true, and whether or not, in making the publication, the defendant was actuated by express malice? In other words, stating the question in abstract form, when an appellant does not assign error upon the action of the trial court in refusing to set aside a verdict, is he entitled to have the findings of the jury reviewed on appeal under assignments of error which complain of the action of the jury only, and charge that the verdict is unsupported by testimony? See Railway v. Choate, 90 Texas, 81; Armstrong v. Elliott, 20 Texas Civ. App., 41; Scott v. Bank, 66 S. W. Rep., 486."

We are of the opinion, that an affirmative answer must be given to the question.

A general verdict sufficiently full and determinate to justify a judgment must be the basis of the judgment (Ablowich v. Bank, 95 Texas, 429; Claiborne v. Tanner, 18 Texas, 68; Akin v. Jefferson, 65 Texas, 141), and it is the absolute duty of the court in the first place to enter judgment in accordance with such verdict. Lloyd v. Brinck, 35 Texas, 7. It follows therefore, as a logical sequence, that no complaint can be made of the action of the court, where the proper judgment upon the verdict has been rendered, until a motion to set aside the finding of the jury and to grant a new trial has been made and overruled. For that reason it would seem that upon appeal the more logical procedure would be to assign errors upon the action of the court in overruling the motion rather than upon the insufficiency of the evidence to support the

verdict. But in speaking of the rules with reference to assignments of error, this court has said: "It is to be borne in mind, that the statute and rules which require errors to be assigned were intended primarily for the relief of the appellate courts, and to secure a prompt dispatch of the business that should be brought before them. They should be given a reasonable and practicable construction, and not one calculated to embarrass suitors in the appellate tribunals by unnecessary restrictions." Land Co. v. McClelland Bros., 86 Texas, 191. In that case the question was as to the sufficiency of an assignment of error upon a charge of the court. Here the question is somewhat different. It is not as to the sufficiency of the assignment, but it is: Does the assignment point out any error of the court which can be considered? We think, however, the same principle should be applied and that it should be held a good assignment, provided it practically apprises the appellate court and the opposite party of the specific error of which complaint is made. In this case if the verdict was not justified by the evidence, the primary error was in the verdict. The error of the court in refusing to set it aside upon motion was secondary. Since the incorrectness of the verdict can not be complained of without action upon a motion to set it aside, it would seem that, after such motion has been made and overruled, an assignment that the verdict is contrary to the evidence or the like, implies that the court erred in its action on the motion, and ought to be deemed practically equivalent to an assignment distinctly upon the ruling of the court. An assignment as to the insufficiency of the evidence to support the verdict goes to the very heart of the question and is not calculated to mislead either court or counsel.

Besides this, rules 25 and 26 of the rules for the government of the Court of Civil Appeals seem to contemplate just such assignments as were made in this case. Those rules read as follows:

"25. To be a distinct specification of error, it must point out that part of the proceedings contained in the record in which the error is complained of, in a particular manner, so as to identify it, whether it be the rulings of the court upon a motion, or upon a particular part of the pleadings, or upon the admission or rejection of evidence, or upon any other matter relating to the cause or its trial, or the portion of the charge given or refused, or the fact or facts in issue which the evidence was incompetent or insufficient to prove, the insufficiency of the verdict or finding of the jury, if special, and the particular matter in which the judgment is erroneous or illegal, with such reasonable certainty as may be practicable in a succinct and clear statement, considering the matter referred to."

"26. Assignments of error which are expressed only in such general terms, as that the court erred in its rulings upon the pleadings, when there are more than one, or in its charge, when there are a number of charges, or the verdict is contrary to law or to charge of the court, and the like, without referring to and identifying the proceeding, will not

be regarded by the court as a compliance with the statute requiring the grounds to be distinctly specified, and will be considered as a waiver of errors, the same as if no assignment of errors had been attempted to be filed."

It is clearly implied in rule 25 that an assignment, that the evidence was incompetent or insufficient to prove a fact or facts in issue, is a good assignment provided it be sufficiently specific. So also it is implied in rule 26 that an assignment that the verdict is contrary to the law or to the charge of the court is sufficient, provided it refers to and identifies the proceeding.