HARLINGTON LAND & WATER CO. et al.
v. HOUSTON MOTOR CAR CO.
(No. 23–2642.)

(Commission of Appeals of Texas, Section B,
Feb. 19, 1919.)

1. APPEAL AND ERROR ⬤⟞1089(1)—REVIEW—JURISDICTION.

Where the Court of Civil Appeals affirmed a judgment, refusing to consider the errors assigned, and a writ of error was granted, the whole case is before the Supreme Court for determination.

2. APPEAL AND ERROR ⬤⟞292—NEW TRIAL—ASSIGNMENTS OF ERROR.

In March, 1912, it was not necessary, under Rev. St. 1911, arts. 1970–1975, to raise objection to the court's charge in a motion for new trial.

3. APPEAL AND ERROR ⬤⟞302(4), 730(1)—ASSIGNMENT OF ERROR — MOTION FOR NEW TRIAL.

A motion for new trial and an assignment of error, on the ground that the trial court erred in instructing the jury to return a verdict for plaintiff in any amount, is sufficient to be considered on appeal.

4. APPEAL AND ERROR ⬤⟞748(1) — ASSIGNMENTS—PROPOSITIONS.

Though the propositions in appellant's brief were not germane, yet, where the brief as a whole was sufficient to present the error relied upon for reversal, the matter should be reviewed by the appellate court, for the statutes and rules requiring errors to be assigned are primarily for relief of appellate courts, and should not be given a construction calculated to embarrass suitors.

5. APPEAL AND ERROR ⬤⟞719(6) — REVIEW—FUNDAMENTAL ERROR.

Where defendants sufficiently presented the record in their briefs to make it apparent that it was error to peremptorily instruct a verdict for plaintiff, the matter may be reviewed as fundamentally erroneous.

6. APPEAL AND ERROR ⬤⟞719(1) — ASSIGNMENTS—NECESSITY.

Fundamental error need not be assigned.

7. SALES ⬤⟞445(1)—ACTIONS—DEFENSES.

In an action on a note executed in part payment for an automobile, held that under Rev. St. 1911, art. 1971, the question of defendant's damages for breach of warranty, etc., should have been submitted to the jury.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by the Houston Motor Car Company against the Harlington Land & Water Company and others. A judgment for plaintiff was affirmed by the Court of Civil Appeals (160 S. W. 628), and defendants bring error. Reversed and remanded for new trial.

Lane, Walters & Storey and Wm. A. Vinson, all of Houston, for plaintiffs in error.

E. P. & Otis K. Hamblen, of Houston, for defendant in error.

SADLER, J. For convenience the parties will be designated as Water Company and Motor Car Company.

The Motor Car Company sued the Water Company and L. C. Hill in the district court to recover a balance due upon a promissory note executed by the defendants in part payment for a Stoddard-Dayton Automobile.

The Water Company answered by a plea of failure of consideration, setting up a war-

ranty by the Motor Car Company of the automobile, the breach of the warranty, and damages occasioned by the necessary replacements of various defective parts of the car in an effort to bring it up to the warranty, and sought to have these damages set off as credits against the note. On a trial before a jury the court peremptorily instructed against the offsets and in favor of plaintiff for the amount of the note, less certain admitted credits.

From verdict and judgment following the court's charge the defendants appealed. The appellate court refused to consider the assignments of error in appellant's brief, and held that no "error apparent of record" was presented by the assignments in the brief.

An application for writ of error was granted by the Supreme Court (163 S. W. xvi) in the view that the Court of Civil Appeals erred in holding that the giving of the peremptory instruction, under the circumstances of the case, was not fundamentally erroneous.

## Opinion.

[1] The appellate court having affirmed the judgment of the district court, and the writ of error having been granted, the case is before us for determination. Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242; Bomar v. West, 87 Tex. 299, 28 S. W. 519.

The Court of Civil Appeals refused to consider the case for three reasons: (a) Because the objection to the charge was not raised properly in the motion for new trial; (b) because the assignment of error to the charge was too general to disclose error, and in this connection that the propositions under the assignment were not germane; and (c) that there was no fundamental error raised by the assignment of error, and that none was "apparent of record." 160 S. W. 628.

[2] Under the law applicable at the time of the trial of this case, March, 1912, it was not necessary to raise objections to the court's charge in a motion for new trial. R. S. 1911, tit. 37, c. 13; M., K. & T. Ry. Co. v. Beasley, 155 S. W. 187.

[3] The objection, however, was presented to the district court in a motion for new trial, and an assignment of error was filed in the lower court based on the motion.

The Court of Civil Appeals held that the motion for new trial and the assignment are too general to present the error and should not be considered. The motion and the assignment are correctly stated in the opinion.

We have carefully considered the motion and assignment, and are of opinion that they are sufficient to require consideration by the Court of Civil Appeals. Clarendon Land Co. v. McClelland, 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105; Cotton Press Co. v. McKellar, 86 Tex. 700, 26 S. W. 1056; Brackenridge v. Claridge, 91 Tex. 527, 44 S. W. 819, 43 L. R. A. 593; and Ry. Co. v. Babno (Civ. App.) 140 S. W. 382. In the last-cited case the

learned judge who wrote the opinion in this case also announced the holding there.

[4] Should we concede that the propositions in appellant's brief are not germane—and they, perhaps, are open to that criticism—yet the brief, taken as a whole, is believed to be sufficient to present the ground of error upon which appellant relies for reversal. Ry. Co. v. Giles, 126 S. W. 283, cited by the Court of Civil Appeals, does not appear applicable. It is believed that Olivarri v. W. U. Tel. Co., 116 S. W. 392, Land Co. v. McClelland, supra, and Ry. Co. v. McArthur, 96 Tex. 65, 70 S. W. 317, announce a rule which appeals to fairness:

"It is to be borne in mind that the statutes and rules which require errors to be assigned were intended primarily for the relief of the appellate courts, and to secure a prompt dispatch of the business that should be brought before them. They should be given a reasonable and practical construction, and not one calculated to embarrass suitors in the appellate tribunals by unnecessary restrictions."

We are not favorable to the idea of a disregard of the rules by litigants in seeking relief from errors which arise in the trial of cases, and these rules ought to be followed. However, we are loath to deprive a litigant of a substantial right by invoking a technical construction of the rules governing procedure when a reasonable construction will afford opportunity for relief. There may arise cases where strict construction is proper and required; but where the brief, taken as a whole, reasonably presents the error sought to be corrected, we believe it more in accord with justice to give it consideration. In the instant case a fair consideration of the entire brief makes apparent the error of which appellants sought to complain in the Court of Civil Appeals.

From what we have said it follows that the Court of Civil Appeals erred in refusing to proceed to a consideration of the case.

[5-7] Aside from the foregoing, we are of opinion that appellants sufficiently present the record in their brief to make it apparent that it was error to peremptorily instruct a verdict for the plaintiff, and thus bring in review the whole record. Searcy v. Grant, 90 Tex. 102, 37 S. W. 320; Fuqua v. Brewing Co., 90 Tex. 298, 38 S. W. 29, 750, 35 L. R. A. 241; T. & P. Coal Co. v. Lawson, 89 Tex. 394, 32 S. W. 871, 34 S. W. 919. There is authority for the proposition that fundamental error need not be assigned. Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242; City of San Antonio v. Talerico, 98 Tex. 151, 81 S. W. 518.

Article 1971, R. S. 1911, requires the court to "submit all controverted questions of fact solely to the decision of the jury." The court charged that the evidence was insufficient to entitle defendant to relief, and to find for plaintiff.

While the evidence is rather uncertain in support of the various items of damage

sought to be recovered by the defendant, yet there is evidence believed to be sufficient to require submission to the consideration of the jury touching the damage. The plaintiff testified, apparently without objection, that one of the cylinders was cracked, and that he had to have it replaced, incurring expense in having the old cylinder taken off and the new one put on; that the frame was defective, and that he incurred expense in having it removed and a new frame installed, and that he incurred expense in returning these defective parts to the factory and in freight charges on the new parts, and several other items of expense which he claimed to have incurred in an effort to bring the machine within the guaranty, or for the purposes of remedying the defects. The uncertainty is with reference to the amount of these items which he might be entitled to recover. However, he does testify that he paid a garage man $500 for labor and repairs on this car necessary to remedy defects. There are some items of expense to which he testified that perhaps should not be considered in the matter of damage; for instance, the expense of the whole of the 14 axles (there may be a right of recovery for some of these axles), and the expense of repairs and work done on the car at San Antonio.

Defendant Hill testified as follows:

"During the time that I had this car I think I paid in the neighborhood of something like $1,800 or $2,000 for repairing the car by reason of defects in it. Those charges were reasonable. That is what I bought cylinders for. That is what I bought frames for, paid freight bills, telegraph charges, and telegraph bills."

The evidence tends to show that the contract price of the car was in the neighborhood of $3,200, and it tends to show that the car was inherently defective in some of its parts. We discover no evidence on the question of whether there was or was not a market value for the car in the condition received, or whether it had any value in that condition. Under the pleadings and under all the evidence the jury might, taking into consideration all the facts, have been able to determine the value of the car in its condition when delivered, and therefore ascertained the damage upon this theory; but, aside from this, there were facts disclosed which might have authorized the recovery for specific damage incurred in repairing or replacing defective parts. We are aware of the rule that would require the defendant in this case to prove his damage, and we are not prepared to say that he has not introduced sufficient evidence to justify the submission of the cause under proper instructions as to his defenses, and are inclined to the view that he has done so.

In making the above observations we have had in mind Gutta-Percha & Rubber Co. v. City of Cleburne, 102 Tex. 36, 112 S. W. 1047, Graves v. Hillyer (Civ. App.) 48 S. W. 889, and 35 Cyc. 474, together with the authorities cited there under note 34. These authorities support the principle announced in this opinion.

It being the province of the jury to judge the facts proven and the weight to be given to the testimony, we are of opinion that the evidence required the submission of the issues arising on defendant's pleadings and evidence. The court having peremptorily instructed against the defendant, and having peremptorily instructed in favor of the plaintiff, in our view deprive the defendant of a substantial right to have the jury pass upon the evidence offered in support of his pleadings, to that extent invaded the province of the jury, and committed fundamental error.

We are therefore of the opinion that the judgments of the Court of Civil Appeals and of the District Court should be reversed and the cause remanded for a new trial.

PHILLIPS, C. J. The judgment, as recommended by the Commission of Appeals, is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission upon the question discussed.