CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY ET AL. V. MRS.
MINNIE L. CARTER ET AL.

No. 3140. Decided December 29, 1922.

(245 S. W., 228.)

1.—Motion for New Trial—Sufficiency of Evidence—Waiver.

A motion for new trial which asserted error in refusing an instruction to find for defendant because the evidence did not warrant a verdict for plaintiff (the points of insufficiency being particularly specified), presented to the trial court the question of the sufficiency of the evidence to support the verdict. The right to complain thereof on appeal was not waived by failure to present it independently and separately to the trial court in other form than was so done. Western U. Tel. Co. v. Mitchell, 89 Texas, 441; St. Louis S. W. Ry. Co. v. McArthur, 96 Texas, 65; followed. (p. 265).

**2.—Assignment of Error—Sufficiency of Evidence.**

An assignment that the answer of the jury to a special issue presented was contrary to and unsupported by the evidence, specifying facts as proven which, if conceded, would overturn the finding, was sufficient to challenge the sufficiency of the evidence to support such verdict.   (pp. 265, 266).

Questions certified from the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

The Supreme Court having referred the questions certified to the Commission of Appeals, Section A, for its advice, here adopts the opinion of that court as its answer to such questions.

*N. H. Lassiter, Robert Harrison,* and *Murphey W. Townsend,* for appellant Chicago, R. I. & G. Ry. Co.

*Smith, Robertson & Robertson,* and *Ethridge, McCormick & Bromberg* for appellant Union Terminal Co.

The court erred in failing and refusing to give this defendant's requested charge number one requesting the court to instruct the jury to return a verdict for this defendant, because the undisputed testimony shows that the watchman, Lesure, was not acting within the scope of his employment, or of his authority, when he shot Carter. Hidalgo v. G., C. & S. F. Ry. Co., 128 S. W., 683, 60 Texas Civ. App., 433; Burns v. Texas Midland Ry. Co., 167 S. W., 265; Grubb v. G., H. & S. A. Ry. Co., 153 S. W, 695; Lytle v. Crescent News Co., 66 S. W., 240, 27 Texas Civ. App., 530; St. L. & S. W. Ry. Co. v. Mayfield, 79 S. W., 365, 35 Texas Civ. App., 84; I. & G. N. Ry. Co. v. Anderson, 82 Texas, 517; Golden v. Newbrand, 2 N. W. 537; Holler v. Ross, 59 L. R. A., 944; Johanson v. The Pioneer Fuel Co., 75 N. W., 719; Ga. R. R. and Banking Co. v. Wood, 94 Ga., 124, 47 Am. St. Rep., 146; Kahmel v. Lehndorff, 142 Cal., 681, 65 L. R. A., 88; Hudson v. M., K. & T. Ry. Co., 16 Kan., 471; Bowen v. Ill. Cent. Ry. Co., 136 Fed, 306, 70 L. R. A., 915; H. & T. C. Ry. Co. v. Bell, 97 Texas, 71; Chicago St. Ry. Co. v. Mogk, 44 Ill. App., 18; T. & P. Ry. Co. v. Howell, 184 S. W., 280; I. & G. N. Ry. Co. v. Yarbrough, 39 S. W,1096; S. W. Tel. & Tel. Co. v. Long, 183 S.. W., 423; Fireman's Fund Ins. Co. v. Schreiber, 150 Wis., 42, 135 N. W. 507, 30 Am. & Eng. Anno. Cas., 823; G., H. & S. A. Ry. Co. v. Currie, 100 Texas, 140 (same case in Ct. Civ. App., 91 S. W.. 1103); I. & G. N. v. Cooper, 88 Texas, 607; Sou. Pac. v. Kennedy, 29 S. W., 397; New Ellerslie Fishing Club v. Stewart, 93 S. W., 599; Strader v. President, etc., 142 S. W., 1073; Cincinnati etc. Ry. Co. v. Rue, 134 S. W., 1144; H. & T. C. Ry. Co. v. Batchler, 73 S. W., 981; Labatt, Mast. & Serv. 2nd ed., Vol. 3, p. 2860; M., K. & T. Ry. Co. v. Day, 138 S. W., 185; (same case Supreme Ct., 136 S. W.; 435); Southern Cotton Oil Co. v. Devond, 25 S. W., 43; Everingham v.

C. B. & Q. R. R. Co., 148 Iowa, 662, 127 N. W., 1009, 24 Am. & Eng. Anno. Cas., 848; Brown v. M., K. & T. Ry. Co., 135 S. W., 1077; H. & T. C. Ry Co. v. Bush, 104 Texas, 26; Williams v. Pullman Co., 3 So., 631; Williams v. Pullman Co., 4 So., 85; Lipscomb v. Ry. Co., 95 Texas 18; Sullivan-Sanford Lbr. Co. v. Cooper, 105 Texas, 21. The undisputed testimony shows that the shooting of Carter was the intentional act, and not the negligent or careless act of the watchman. It does not come within the statute. Revised Statutes of Texas of 1911, Art. 4694; General Laws, 33rd Legislature, page 288, Chapter 143; Lipscomb v. Railway Co., 95 Texas, 18; Turner v. Cross, 83 Texas, 218; Bank v. Hanks, 104 Texas, 324; Elliott v. Brownwood, 166 S. W., 1129; M., K. & T. Ry. Co. v. Freeman, 97 Texas, 399; Stolte v. Karren, 191 S. W., 602; G., H. & S. A. Ry. Co. v. Currie, 100 Texas, 142; Bowen v. Ill. Cent. R. R. Co., 70 L. R. A., 919.

Appellants are relieved of the necessity of oral or written argument with respect to all of the questions certified by the decision of this court in Priddy v. Childers, 240 S. W., 1107, and the admissions with respect thereto filed in the argument of the appellees so far as that decision is applicable.

*Carden, Starling, Carden, Hemphill & Wallace,* for appellees.

A street crossing watchman employed by a railway or transportation company may, within the scope of his general authority and for the furtherance of his master's business and for the accomplishment of the object for which he is employed, exercise his own discretion as to when he will allow the traveling public to cross his employer's tracks and the means which he will use to prevent or allow the public so to do. T. & N. O. Ry. Co. v. Taylor, 73 S. W., 1081; S. P. Ry. Co. v. Bender, 57 S. W., 574; H. & T. C. Ry. Co. v Bell, 73 S. W., 56; Same case, 97 Texas, 71, 75 S. W., 484, T. & N. O. Ry. Co. v. Parsons, 109 S. W., 240; Same case, 113 S. W., 914; Sharp v. Erie Ry. Co., 76 N. E., 923; Haehl v. Wabash Ry. Co. (Mo.), 24 S. W., 737. (Cited with approval by our Supreme Court in Lipscomb v. H. & T. C. Ry. Co., 64 S. W., 926); Wells Fargo & Co. Express, v. Sobel, 125 S. W., 925; Daniels v. Petersburg Ry. Co. (N. C.), 23 S. E., 327; Terry v. Burford (Tenn.), 175 S. W., 538; St. L., I. M. & S. Ry. Co. v. Hackett (Ark.), 24 S. W., 881; Gassenheimer v. Western Ry. Co. (Ala.), 57 So., 718; Clark v. Midland Ry. Co., 43 L. T. N. S., 381. (Cited in Second Edition of Labatt's Master and Servant, Vol. 6, p. 6987.); Savannah Electric Co. v. Wheeler, 58 S. E., 38, 10 L. R. A. (N. S.) 1176.

The appellees feel that the first three certified questions, in so far as they relate to the duty of the Court of Civil Appeals to consider all the evidence in connection with the request for a peremptory instruction, are settled in favor of such consideration by the

case of Priddy v. Childers, 240 S. W., 1107. We, therefore, suggest that this court, in answering these questions, make it clear that a request for a peremptory instruction does not of itself carry with it any warrant or authority for any inquiry as to whether any particular issue is supported by the evidence, but that it simply makes it in- cumbent upon the court to consider the one question, viz., whether such peremptory instruction should have been given. In other words, that the Supreme Court make it clear to the Court of Civil Appeals that there is no modification of the now fully recognized rule an- nounced in Clark v. Loftis and Pearce, 80 Texas, 146, and Scott v. F. & M. National Bank, 66 S. W., 485, that a jury verdict upon an issue, either general or special, cannot be set aside on appeal with- out first asking the trial court so to do in a motion for a new trial.

In the light of the opinion of this court in Priddy v. Childers, supra, the appellees are forced to concede that it is the duty of the Court of Civil Appeals to search the record with a view of ascertaining whether the peremptory instruction requested by the defendants below should have been given. But the appellees contend that the duty to make such search in order to determine whether the special issue in ques- tion was properly answered, is not imposed either by the request for such peremptory instruction and the assignments predicated thereon, or by the assignment referred to in question number 4.

MR. PRESIDING JUDGE SPENCER delivered the opinion of the Com- mission of Appeals, Section A.

According to the certificate the suit was by plaintiffs, the wife and children of D. H. Carter, to recover damages of defendants for the alleged negligent killing of Carter by one Lesure, an employe of de-. fendants, while the latter was in the discharge of his duties as flag- man or watchman.

Immediately upon the conclusion of the evidence, attorneys for defendants requested a peremptory instruction in their favor which was refused. To the action of the Court in refusing to peremptorily instruct the jury defendants objected upon the following grounds:

"That the evidence without dispute disclosed, (1) that the flagman was not acting within the scope of his employment or his authority when he killed Carter, (2) that the flagman did not kill Carter in the performance of his duty or employment, (3) that when the flag- man killed Carter he had turned aside from the performance of his duties, (4) that the killing of Carter was intentional, not negligent."

The Court over defendants' objections referred the issues of fact to the jury for determination. The objections urged to the issues submitted to the jury were substantially the same as those urged to the Court's action in refusing to direct a verdict in their favor. The jury returned answers to the issues submitted warranting a

judgment for plaintiffs, and a judgment based upon the jury's findings was rendered in plaintiffs favor.

In their motion for new trial, defendants presented all of their objections and exceptions to the submission of the special issues. But their briefs in the Court of Civil Appeals contained no assignment embodying their objections to the submission of the special issues to the jury. All errors assigned in the motion for new trial, in so far as they bear upon the questions certified, relate to the refusal of the Court to grant the peremptory instruction, and are founded upon the contention that the evidence was insufficient to warrant the submission of the case to the jury. Similar errors are assigned in the briefs. Nowhere in the motion for new trial is it specifically contended or assigned as a ground for new trial that the verdict is without support in the evidence, unless their first six assignments of error, which were included in the motion for new trial, have that effect. The first assignment reads:

"The Court erred in failing and refusing to give this defendant's requested charge numbered one requesting the Court to instruct the jury to return a verdict for this defendant, because the undisputed testimony shows that the watchman, Liesure, was not acting within the scope of his employment, or of his authority, when he shot Carter, as shown by this defendant's bill of exception number one."

Under these assignments of error defendants present the contention that the verdict of the jury is without support in the evidence. The assignments and contentions are based upon the refusal of the Court to peremptorily direct a verdict in their favor. The plaintiffs objected to any consideration of the assignments upon the ground, that no complaint having been made in the motion for new trial that the findings of the jury were without support in the evidence, that such issue was waived and could not be considered by the Court of Civil Appeals.

Under this state of facts there was a difference of opinion among the justices of the Court of Civil Appeals as to whether that Court should consider the assignments of error, based upon the Court's refusal to peremptorily instruct the jury to return a verdict for defendants. Because of this disagreement and the further fact that that Court was of the view that there is a conflict of decisions among the Courts of Civil Appeals upon this question, the following questions were certified to the Supreme Court:

"Question 1. Is the action of the court below in refusing to peremptorily direct verdict for appellants before submission of the case to the jury sufficient to authorize consideration by this court of the contention that the verdict is without support in the evidence; or was it necessary, in order to review that question, that the insufficiency of the evidence should have been independently and separately assigned in the motion for a new trial after verdict?

"Question 2. Is the action of the court below in refusing to peremptorily direct verdict for appellants on the ground that the evidence was insufficient to warrant reference of the facts to the jury such matter of record which may be reviewed in this court without being presented to the trial court in a motion for new trial?

"Question 3. Is the setting out in the motion for a new trial that the peremptory instruction should have been given because the evidence did not warrant a reference of the case to the jury substantially setting out that the verdict of the jury was without support in the evidence?"

It is our opinion that the action of the Trial Court in refusing to give a peremptory instruction at the conclusion of the evidence of all the parties, when viewed in connection with defendants' action in assigning as error, in the motion for new trial, the Court's refusal to peremptorily instruct the jury to return a verdict in their favor, is sufficient to authorize consideration by the Court of Civil Appeals of defendants' assignments of error, questioning the sufficiency of the evidence to support the verdict.

If the evidence was insufficient to carry the case to the jury, then the primary error committed by the Court was in submitting the case to the jury. The peremptory instruction challenged the sufficiency of the evidence. It was in effect a demurrer to the evidence. Defendants not only objected to the action of the Court in refusing the instruction, but embodied their objections in a bill of exceptions, which was approved by the Trial Court, specifying in what particulars the evidence was insufficient. They not only objected at its very inception to what they conceived to be an alleged error of the Court, but perpetuated their objections by including them in their motion for new trial. Having done this, they were not required to incorporate in their motion for new trial an independent assignment questioning the sufficiency of the evidence. It was, we think, optional with them whether they repeated their objections by attacking, in the motion for new trial, the sufficiency of the evidence to support the finding of the verdict. Western U. Tel. Co. v. Mitchell, 89 Texas, 441, 35 S. W., 4; St. Louis S. W. Ry. Co. v. McArthur, 96 Texas, 65, 70 S. W., 317.

The answer to Question 1 renders unnecessary answers to Questions No's 2 and 3.

The Court of Civil Appeals also sets out defendant's fifteenth assignment of error, which is as follows:

"The answer to the special issue No. 1 is contrary to the great weight and preponderance of the testimony and not supported by the testimony for the reason that the uncontroverted testimony and great weight of the testimony showed that at the time of the killing of Carter the train had passed and Carter had crossed over the track and the watchman had returned to his shanty, and there was

no occasion or necessity for Lesure to act as watchman, and no possibility of his so acting."

Based upon this assignment the following question is certified:

"Question 4. Does the foregoing assignment of error challenge the sufficiency of the evidence to support the verdict of the jury or does it merely assert that the evidence discloses without dispute certain facts which might or might not tend to prove that the flagman was or was not in the performance of his duty?"

Special issue No. 1 reads: "Was Lesure, at the time or times that he got his gun and killed Carter, continuing in his duties as watchman to deal with Carter?"

In our opinion the assignment of error challenges the sufficiency of the evidence to support the jury's finding as to special issue No. 1. It was defendants' theory that Lesure was not in the discharge of any duty connected with his employment at the time that he killed Carter but that he stepped aside from his path of duty and slew the deceased. To determine whether the assignment deserves consideration, the test is: assuming that the facts set forth therein were uncontroverted or preponderated in defendants' favor, as contended by them, would the giving effect to such facts overturn the finding of the jury upon the issue challeged by the assignment as being without evidence to support it?

The assignment, in substance, directs the Court's attention to different phases of the evidence relied upon by defendants as showing a complete defense to plaintiffs' cause of action. Assuming that the evidence was uncontroverted, showing that Lesure had completed his duties as watchman and that there was no occasion or necessity for him to act as watchman or flagman, in other words, that he was not in discharge of his duty but had stepped aside therefrom,—then, the jury's finding, which was to the contrary of this contention, would be overturned. The same result would follow if there was such a preponderance of evidence against the findings of the jury as would justify the Court in holding that the evidence was insufficient to support the finding.

BY THE SUPREME COURT.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

·C. M. Cureton, *Chief Justice.*