**CHANCE et al. v. FORTENBERRY et al.
(No. 871.)**

(Court of Civil Appeals of Texas. Beaumont. Feb. 2, 1923. Rehearing Denied Feb. 15, 1923.)

**1. Appeal and error ⬤═268(2)—Appellate court must review assignments of error as to sufficiency of evidence, though no exception taken to conclusions of law and fact.**

Where reversal of a judgment is sought on the ground that judgment should have been rendered for appellant, upon the evidence the appellate court must review appellant's propositions raising that issue, though no exceptions are taken to the conclusions of law and fact filed by the court on appellant's motion.

**2. Tenancy in common ⬤═15(2)—Cotenant's title held not barred by adverse possession of tenant in common.**

Where defendants and those under whom they were holding land were tenants in common with plaintiffs claiming adversely and with whom defendants' remote grantor was holding

jointly during their (plaintiffs') occupancy, adverse possession did not run against defendants' title, where they had no notice of plaintiffs' adverse possession.

**3. Tenancy in common ⬤═15(2)—Statute does not run against cotenant in the absence of notice that his tenant in common claims adversely.**

Adverse possession does not run in favor of a tenant in common against his cotenant, where the cotenant has no notice of the adverse possession.

**4. Appeal and error ⬤═742(4)—When appellate court may not consider assignments of error as to admission of evidence.**

The appellate court is without authority to review assignments of error as to the admission of evidence where no propositions are advanced under the assignments or any statements made from the record.

### On Motion for Rehearing.

**5. Appeal and error ⬤═833(4)—Motion to strike motion for rehearing not granted, though motion for rehearing did not specify name of opposing counsel.**

Though Rev. St. 1911, art. 1641, requires that a motion for rehearing shall specify the name and residence of counsel of the opposing party, etc., and rule 63 for the Court of Civil Appeals (142 S. W. xvi) provides that motions for rehearing shall be conducted in accordance with the statute, a motion for rehearing, not stating the names and addresses of appellee's counsel, will not be stricken, where counsel for appellee were duly served with a copy of the motion for rehearing and they have appeared and answered by the motion to strike out the motion for rehearing.

Appeal from District Court, Hardin County; D. F. Singleton, Judge.

Action by Josephine Victoria Chance, R. F. Chance, and others against J. E. Fortenberry and others. Judgment for defendants and plaintiffs, except R. F. Chance, appeal. Affirmed and rehearing denied.

M. S. Duffie, of Beaumont, for appellants.
B. L. Aycock and A. M. Hill, both of Kountze, for appellees.

WALKER, J. On the 11th day of December, 1920, J. E. Fortenberry, one of the appellees herein, instituted a suit in the district court of Hardin county against two of the appellants E. O. and Eldridge Chance, to recover the title and possession of the 80 acres of land in controversy in this suit. Pending that litigation, the attorneys representing E. O. and Eldridge Chance filed pleas of intervention for the other appellants and R. F. Chance. On a trial of that cause, judgment was entered on the 27th day of July, 1921, in favor of the plaintiff, against the defendants and interveners, for the title and possession of the land in controversy.

The case now before us was instituted in the district court of Hardin county by the defendants and interveners in the former suit against J. E. Fortenberry and his attorneys, who claimed an interest in the land under him, praying that the original judgment be set aside, and that they recover the land from Fortenberry and his attorneys. On a trial to the court without a jury, judgment was entered against the original defendants E. O. and Eldridge Chance, denying their prayer to have the judgment set aside, but granting a new trial to the interveners in the original suit. Thereupon, R. F. Chance took a nonsuit. The case then proceeded to trial on its merits as between the other plaintiffs and Fortenberry and his attorneys, and judgment was entered by the court that the plaintiff take nothing by their suit, and that the defendants go hence without day. From that judgment all the original plaintiffs, except R. F. Chance, have prosecuted this appeal.

[1] On motion of appellants, the trial court filed conclusions of law and fact, which fully support his judgment, and to which no exceptions were reserved. But, as appellants contend that under the undisputed evidence judgment should have been rendered for them, it is necessary that we review their propositions raising that issue. Railway Co. v. Carter (Tex. Com. App.) 245 S. W. 228.

[2, 3] The land in question was a part of the 320 acres owned by R. M. Chance in his lifetime, and on which he resided with his family, consisting of his wife, Mrs. Josephine Victoria Chance, and his children, the other plaintiffs herein, and was the community property of R. M. Chance and Mrs. Josephine Victoria Chance. On the 1st day of October, 1901, R. M. Chance executed a deed to E. O. Chance, conveying him the land in controversy. Appellees hold under that deed. R. M. Chance died "on or about the 22d day of December, 1910," as found by the court. On appellants' plea of limitation, the trial court found:

"I find that the said heirs and the said widow for themselves, and for the widow, remained continuously in possession of the said three hundred and twenty (320) acres, claiming the same after the death of R. M. Chance, down to the time of the filing of this suit, August 19, 1921. I find that no notice was given to W. E. or J. E. Fortenberry that their (the said heirs) holding was adverse of the said land, or any part of it to them."

From other conclusions of fact found by the court, it appears that appellees and those under whom they hold were tenants in common with appellants during their occupancy of the land in controversy. As the court found they had no notice of the adverse holding of appellants, limitation did not run against their title. In fact, it appears that E. O. Chance, a remote vendor of appellees, and who was holding the title during a part of the time necessary to complete the limitation period, was holding jointly with the other appellants until he parted with his title on the 20th day of August, 1915. Because appellees had no notice of appellants' adverse claim, their title was not barred by the 10 years' statute of limitation. 11 Michie's Dig. 1032, 1033.

Again, appellants insist that the undisputed evidence shows that the deed from R. M. Chance to E. O. Chance was never delivered. The statement made by them does not sustain this proposition. Though not required to do so, we have examined the entire statement of facts and believe that the issue of delivery was raised.

[4] Complaint is made by assignments of error of the admission of certain evidence, but no propositions are advanced under these assignments, nor any statement made from the record. We are without authority to review them.

Finding no errors in the record, the judgment of the trial court is in all things affirmed.

### On Motion for Rehearing.

[5] Appellants' motion for rehearing does not state the names and addresses of the adverse parties, nor of their attorneys, and on the ground that this omission is fatal, appellees have filed a motion to strike it out.

Article 1641, Revised Civil Statutes 1911, requires that a motion for rehearing in the Courts of Civil Appeals shall specify—

"the name and residence of the counsel of the opposing party if known, and if not known then the name and residence of the opposing party as shown in the record."

Rule 63 (142 S. W. xvi) for the Courts of Civil Appeals is as follows:

"Motions for rehearing shall be made and conducted solely in accordance with the statute, which describes the manner of this proceeding."

On the question raised by appellees' motion, our Supreme Court has held:

"A motion for rehearing in the supreme court, if one of several opposing parties to the proceeding is not represented by counsel, should state the name and residence of the party, that a copy of the motion may be served on him; and in such case, where no service is sought or obtained, the motion will not be entertained." Fifteenth syllabus, Howard v. McKenzie, 54 Tex. 171, 173.

But this case is distinguished from the case just cited by the fact that appellees' counsel herein were duly served with a copy of the motion for rehearing, and have appeared and answered by this motion to strike. We think the question is ruled by Railway Co. v. Davis, 32 S. W. 163, where Judge Key, speaking for the Court of Civil Appeals for the Third district, said:

"But the argument is that the motion was fundamentally defective, and should not be regarded as a motion for a rehearing, because it failed to state the names and residences of appellee's counsel, as required by statute; and, second, that, this court not having its attention called to the motion, and having adjourned without considering it, the motion has been abandoned, and this court has lost jurisdiction of the case. We cannot agree with either of these contentions. Though the motion was defective in failing to state the names and residences of appellee's counsel, the clerk obtained that information from other sources, and had the motion served on appellee's counsel. The defect was not jurisdictional."

Appellees' motion to strike is overruled.

After carefully considering the motion for rehearing, we have concluded that it also should be overruled.