**MUTUAL LIFE INS. ASS'N et al. v.
SMELLEY.**

No. 2463.

Court of Civil Appeals of Texas. Beaumont.
Feb. 14, 1934.

Rehearing Denied Feb. 21, 1934.

Adams & McAlister, of Nacogdoches, for appellants.

Seale & Thompson, of Nacogdoches, for appellee.

WALKER, Chief Justice.

This was an action in district court, Nacogdoches county, by appellee, Cleburn Smelley (defendant in error), against appellant Texas Standard Life Insurance Company, Inc. (plaintiff in error), and Mutual Life Insurance Association, upon a policy of life insurance in the sum of $2,500. Appellee alleged the due issuance and delivery of the

policy to James F. Smelley on August 5, 1931, that he was the beneficiary, and other facts necessary to constitute a cause of action for the principal amount of the policy; it was further alleged that the $2,500 policy was issued in lieu of a policy for $1,000 issued and delivered on May 1, 1929; it was further alleged that these policies were issued by defendant Mutual Life Insurance Association of Texas, but that, subsequent to their issuance and delivery, appellant Texas Standard Life Insurance Company, Inc., had taken over the assets and assumed the liabilities of Mutual Life Insurance Association, and was therefore liable for the full amount sued for. The prayer was for judgment for $2,-500, and in the alternative for $1,000 on the policy of date May 1, 1929; "and for such other and further relief, general and special, in law and in equity to which he may show himself justly entitled."

Appellant answered by general demurrer and general denial and by pleading specially the following conditions of the $2,500 policy:

"That it was issued upon application filed with the company and constituted a part of the contract, and that all statements as to age, health or family history or any other fact materially increasing the risk, or if the insured shall not be in good health at the time of delivery, then the policy shall be null and void.

"(b) That at the time of issuing the policy and its delivery, the policy was subject to all provisions contained in said policy, both in its face and on the reverse side, and as conditions precedent to the issuing of the policy, the policy contained a provision that if the insured die as a result of any form of the following diseases: heart disease * * * 'kidney trouble,' * * * then the association shall be liable for the payment of one fourth of the amount provided therein.

"(c) That at the time of the acceptance of application and issuing of policy, there was provided if death shall occur within six months from the date of this policy, payment shall be one-half of the face value of the policy.

"(d) That the issuance of policy was conditioned upon the stipulation that the failure to pay any assessment levied by the association within ten days from the date of notice shall, without further action, lapse the policy, and no claim shall be had unless reinstated.

"(e) That on the issuance and as a condition precedent, the assured accepted the policy with this condition as to making payments of principal amount if it were otherwise in full force and effect: 'That the obligation for the principal amount is conditioned upon said amount being collected from policy holders in this class by making one assessment of $3.00 for each member in good standing in this class at the date of the death of the insured. The association shall in no event be liable for more than the amount realized from the collection of $2.50 from each policy holder in this class by such assessment. The policy holders shall not be liable for more than one assessment for any one death.' "

In reply to this answer, appellee pleaded the following facts as constituting estoppel against the defense that J. F. Smelley was not in good health when the second policy was issued and delivered: "* * * For the reason that defendant issued in 1929 a policy to said James F. Smelley in the sum of $1,000.00, which said policy $1,000.00 was in full force and effect when the $2,500.00 policy was issued to said James F. Smelley, and in the application for said $1,000.00 policy said James F. Smelley, made the statement that he had suffered in 1928 with Kidney trouble and has not fully recovered, and notwithstanding such statement the defendant, Mutual Life Insurance Association of Texas, issued said $1,000.00, policy to assured James F. Smelley, and later with the full knowledge upon the part of said defendant, Mutual Life Insurance Association of Texas, that said J. F. Smelley was in 1929 suffering with Kidney trouble, issued to said James F. Smelley the $2,500.00 policy herein sued on, and 1st therefore estopped from pleading as a defense to this suit that said James F. Smelley was not in good health when the $2,500.00 policy was issued."

The trial was to a jury, and judgment was entered in favor of appellee upon an instructed verdict in his favor.

■ The evidence sustains appellee's contention, beyond controversy, that the $2,500 policy was issued to James F. Smelley in lieu of the $1,000 policy issued to him on May 1, 1929, and that the application for the $1,000 policy constituted the application for the $2,-500 policy. However, the evidence brought forward by appellant in its brief raised the issue that the $1,000 policy had lapsed at the time the $2,500 policy was issued, and that the new policy was issued upon the following application for reinstatement of the $1,000 policy:

"Application for Reinstatement in Mutual Life Insurance Association of Texas

"800–803 American National Bank Building
"Box 1078

"Beaumont, Texas

"Class No. A          Policy Nos. 1160 & 1161

"1. Name is Full James F. Smelley and Lula A. Smelley, Present Age 56 and 54.

"2. Address Cushing, Tex.

"3. Date of Birth: Day——Month—— Year——.

"4. Name of Beneficiary Cleburn Smelley. Relationship Son.

"5. Are you now in good health? Yes.

"6. When did you last consult a physician? 2 or 3 years.

"7. For what ailment or disease? None.

"8. Have you fully recovered? ——

"9. Name and address of attending physician. None.

"10. Remarks:     Have not consulted a physician neither one of us in three years.

"I hereby certify that the answers to the above questions are true and correct, and have been submitted in good faith, for the purpose of reinstating the protection previously carried by me, which is now in arrears for non-payment of dues and assessments, and I request the Association to issue me a new policy upon the above stated facts.

"I hereby agree to forfeit any and all benefits accruing under the old policy.

"And I further agree that if any of the statements above are found to be false, that the protection reinstated on same shall be null and void, and of no effect.

"Signed this 27 day of July, A. D. 1931.
         "James F. & Lula A. Smelley,
                    "Signature of Applicant.
"Accepted this 5 day of Aug. A. D. 1931.
              "E. W. Long, Jr.,
                         "Secretary."

Under the conditions of the $1,000 policy, J. F. Smelley did not have the absolute right to be reinstated, but this right was conditioned upon the state of his health. In asking for reinstatement, answering question 5 in the application, "Are you now in good health?" J. F. Smelley answered, "yes." On this application the reinstatement was granted as of date August 5, 1931, and the $2,500 policy was issued in lieu of the $1,000 policy. This change was made because the classification of the $1,000 policy had been canceled, and on the statement of Mutual Life Insurance Association J. F. Smelley took the $2,500 policy in a new classification in lieu of the policy held by him in the old classification. The evidence raised an issue of fact that Smelley was not in good health on the date of this application for reinstatement. It was error for the court to instruct a verdict in appellee's favor on this statement of the facts.

Harlington Land & Water Co. v. Houston Motor Car Co. (Tex. Com. App.) 209 S. W. 145, 147, sustains our construction of appellant's brief as constituting reversible error. In that case Mr. Chief Justice Phillips made the notation: "We approve the holding of the Commission upon the question discussed." Speaking for the Commission of Appeals, in that case, Judge Sadler said that it constituted "fundamental error" to instruct a verdict against either party when the evidence raised, in his behalf, an issue for the jury. We quote as follows from his argument:

"Should we concede that the propositions in appellant's brief are not germane—and they, perhaps, are open to that criticism— yet the brief, taken as a whole, is believed to be sufficient to present the ground of error upon which appellant relies for reversal. Ry. Co. v. Giles [Tex. Civ. App.] 126 S. W. 283, cited by the Court of Civil Appeals [Harlingen Land & Water Co. v. Houston Motor Co., 160 S. W. 628], does not appear applicable. It is believed that Olivarri v. W. U. Tel. Co. [Tex. Civ. App.] 116 S. W. 392, Land Co. v. McClelland [86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105], supra, and Ry. Co. v. McArthur, 96 Tex. 65, 70 S. W. 317, announce a rule which appeals to fairness:

" 'It is to be borne in mind that the statutes and rules which require errors to be assigned were intended primarily for the relief of the appellate courts, and to secure a prompt dispatch of the business that should be brought before them. They should be given a reasonable and practical construction, and not one calculated to embarrass suitors in the appellate tribunals by unnecessary restrictions.'

"We are not favorable to the idea of a disregard of the rules by litigants in seeking relief from errors which arise in the trial of cases, and these rules ought to be followed. However, we are loath to deprive a litigant of a substantial right by invoking a technical construction of the rules governing procedure when a reasonable construction will afford opportunity for relief. There may arise cases where strict construction is proper and required; but where the brief, taken as a whole, reasonably presents the error sought to be corrected, we believe it more in

accord with justice to give it consideration. In the instant case a fair consideration of the entire brief makes apparent the error of which appellants sought to complain in the Court of Civil Appeals.

"From what we have said it follows that the Court of Civil Appeals erred in refusing to proceed to a consideration of the case.

"Aside from the foregoing, we are of opinion that appellants sufficiently present the record in their brief to make it apparent that it was error to peremptorily instruct a verdict for the plaintiff, and thus bring in review the whole record. Searcy v. Grant, 90 Tex. 102, 37 S. W. 320; Fuqua v. Brewing Co., 90 Tex. 298, 38 S. W. 29, 750, 35 L. R. A. 241; T. & P. Coal Co. v. Lawson, 89 Tex. 394, 32 S. W. 871, 34 S. W. 919. There is authority for the proposition that fundamental error need not be assigned. Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242; City of San Antonio v. Talerico, 98 Tex. 151, 81 S. W. 518."

The Harlington Case was cited with approval by this court in Southwestern Settlement & Development Co. v. Village Mills Co., 230 S. W. 869, 870, and Wilson v. Armstrong, 236 S. W. 755; by the Waco Court of Civil Appeals in Independent Farmers' Gin Co. v. Hander, 269 S. W. 1062; and by the Amarillo Court of Civil Appeals in Terry v. Witherspoon, 239 S. W. 300. What we have said is in view of the fact that probably appellant's brief has not presented the very point discussed.

■ Appellee's plea of estoppel does not support the instructed verdict. It is true that in the original application, dated the 30th of April, 1929, in answering question 7, "During the last two years for what ailments did you consult a physician?" J. F. Smelley answered, "1928 kidneys," and in answering question No. 8, "Have you fully recovered from these ailments?" the answer was given, "Have not fully recovered, but better." The testimony raised the issue that it was possible for James F. Smelley to have recovered from that disease prior to August 5, 1931, the date of his application for reinstatement.

■ There is no pleading to support appellee's judgment: "And it is further ordered, adjudged and decreed that the defendant, The Texas Standard Life Insurance Company issue an assessment against all members now in good standing in Class 'A' in said Company being the Class in which the policy held by the assured and herein sued on, and only those members now in good standing in said Class who were members in good standing in said Class on October 13th, A. D. 1931, the date of the death of the assured, under the policy herein sued on, to satisfy this judgment."

There is nothing in appellee's petition to support the judgment: "It is further considered by the Court and so ordered, adjudged and decreed that plaintiff, Cleburn Smelley, do have and recover of and from the defendants, Mutual Life Insurance Association of Texas and The Texas Standard Life Insurance Company, the sum of $2.50 per member for each member belonging to Class 'A' in said Texas Standard Life Insurance Company on the 13th day of October, A. D. 1931, together with all costs in this behalf expended."

But we are inclined to think that appellant's answer constitutes a sufficient predicate for this order. However, there is nothing in the record from which the number of members belonging to class A in Texas Standard Life Insurance Company on the 13th of October, 1931, can be ascertained. Appellee has no pleading on that issue, nor, as we understand the statement of facts, is the issue raised by the evidence.

From what has been said, it follows that the judgment of the lower court should be reversed, and the cause remanded for a new trial.