

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George W. Cox
State Health Officer
Austin, Texas

Dear Sir:

Opinion No. O-2869
Re: Authority of the State Health
Officer, under Subdivision (e),
Section 6, Senate Bill 200,
46th Legislature, to revoke a
permit upon proof of a violation
by the permitee of rules and
regulations promulgated by the
State Board of Health under the
authority of Section 5 of the
Act.

Section 5 of Senate Bill 200, 46th Legislature,
appearing as Section 5 of Article 4476a, Vernon's Annotated
Civil Statutes, provides:

"The State Board of Health is hereby charged
with the enforcement of this Act, for the protection
of health and to prevent the spread of disease. It
is further empowered, and its duty shall be to make,
amend, alter or repeal general rules and regulations
of procedure for carrying into effect all the provi-
sions of this Act, and to prescribe means, methods,
and practices to make effective such provisions."

Subdivision (e) of Section 6 of the Act then provides:

"Any permit issued in accordance with the pro-
visions may be revoked by the State Health Officer
upon proof of violation of any of the provisions of

Honorable George W. Cox, Page 2

this Act. . . ."

Your letter of October 24, 1940, requests a legal opinion from this Department as to whether the State Health Officer would be authorized to revoke the permit of an operator who has violated the rules and regulations promulgated by the State Board of Health under the rule-making power of the Board set out above in Section 5. You also ask what procedure should be followed by the State Health Officer in doing so.

The purpose of empowering the State Board of Health to promulgate rules and regulations was to enable the more effective enforcement of the Act which was enacted under the State's police power for the protection of health and for the prevention of the spread of disease.

A vital requirement of the Act is that any person engaged in the business of manufacturing, repairing or renovating bedding shall obtain a permit from the Department of Health and shall register any germicidal process used in such business and secure the approval of the Department of such process.

The permit provisions of the Act are among those touching which the State Board of Health was empowered to promulgate rules and regulations. That compliance therewith is required of the permittee is indicated by the language of subsection (b) of Section 6 which authorizes a renewal permit "upon submission of proof of continued compliance with the provisions of this Act and the regulations of the Department." (Emphasis ours)

The validity of legislation which confers rule-making powers upon administrative agencies has been consistently upheld by our courts.

In San Antonio v. Jones, 28 Tex. 33 (quoted with approval in O'Brien v. Amerman, 112 Tex. 254, 247 S. W. 270), it was declared by the Supreme Court of Texas:

"The Legislature may grant authority as well as give commands, and acts done under its authority are as valid as if done in obedience to its commands. Nor is a statute, whose complete execution and application to the subject-matter is, by its provisions, made to depend on the assent of some other body, a delegation of legislative power. The discretion goes

Honorable George N. Cox, Page 3

to the exercise of the power conferred by the law,
but not to make the law itself. The law, in such
cases, may depend for its practical efficiency on
the act of some other body or individual; still
it is not derived from such act, but from the legis-
lative authority."

It was likewise stated by the San Antonio Court of
Civil Appeals in Tuttle v. Wood, 35 S. W. (2d) 1061, (writ
of error refused):

"It is true, of course, that the Legislature
cannot delegate to an administrative board the power
to make a law prescribing a penalty, but it is
equally true that it is competent for the Legislature
to authorize a commission or board created for that
purpose to prescribe duties or ascertain conditions
upon which an existing law may operate in imposing a
penalty and in effectuating the purpose designed in
enacting the law. It is in pursuance of this au-
thority that railroad commissions, public utility
commissions, livestock sanitary commissions, health
boards and like agencies exercise their functions
and administer and enforce laws relating to their
several departments. In their very nature such laws
must be flexible in order to give them practicable
application to the diverse conditions which exist
within the several states."

In Re Rahrer, 140 U. S. 554, it was said by Mr. Chief
Justice Fuller:

"The power of the state to impose restraints
and burdens upon persons and property in conserva-
tion and promotion of the public health, good order
and prosperity is a power originally and always be-
longing to the states, not surrendered by them to
the general government, nor directly restrained by
the Constitution of the United States, and essentially
exclusive."

See also the cases of Nash Hardware Company v. Morris,
105 Tex. 217, 146 S. W. 874; Henry v. State, 260 S. W. 190;
Ex Parte White, 198 S. W. 583; Nebbia v. New York, 291 U. S.
502.

Honorable George W. Cox, Page 4

It is the opinion of this Department that a violation of the rules and regulations promulgated by the State Board of Health in accordance with Section 5 of the Act, by a person engaged in the business of manufacturing, repairing or renovating bedding would constitute a "violation of any of the provisions of this Act" within the purview of Subdivision (e) of Section 6 of the Act, and upon proof of such, the State Health Officer would be authorized to revoke a permit theretofore issued to such operator.

The Act does not provide any particular procedure for the State Health Officer to follow in the revocation of a permit. The State Board of Health is, however, authorized by Section 5 of the Act to "make . . . general rules and regulations of procedure for carrying into effect all the provisions of this Act". It is our opinion that the Board should promulgate reasonable rules whereunder the permittee would be given notice and a hearing before the State Health Officer prior to the revocation of a permit. This would involve the giving of notice to the permittee of the existence of evidence before the State Health Officer of violations by the permittee of the rules and regulations promulgated by the Board, together with the right of the permittee to a hearing before the Officer at the time designated. If at such hearing it is established that the permittee has violated the rules and regulations of the Board, the State Health Officer would be authorized to revoke the permit.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Zollie C. Steakley_
Zollie C. Steakley
Assistant

ZCS:BBB        APPROVED NOV 16, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN